(October 30, 1923.)

## STATE, Respondent, v. THOMAS SIEPERT, THOMAS BROWN and ALBERT BROWN, Appellants.

[225 Pac. 135.]

CRIMINAL LAW—APPEAL AND ERROR—MOTION FOR NEW TRIAL—SUFFICIENCY OF EVIDENCE—BILL OF EXCEPTIONS—VENUE.

1. Under the provisions of C. S., sec. 9068, where a motion for a new trial is made after judgment and overruled, and the insufficiency of the evidence to support the verdict and judgment is set out in the notice and motion for new trial and thereafter, in support of the motion, a bill of exceptions embodying the material testimony is before the trial court and considered by it in passing upon the motion and is thereafter incorporated in and becomes a part of the record on appeal, the bill of exceptions so settled and allowed is properly before this court and the question of the insufficiency of the evidence will be reviewed.

2. The venue of a criminal offense is a material allegation and must be laid in the information and proven. Where it is not proven a judgment of conviction will be reversed on appeal and the cause remanded for a new trial.

APPEAL from the District Court of the Ninth Judicial District, for Madison County. Hon. George W. Edgington, Judge.

Appellants were convicted of the crime of possession of intoxicating liquors. *Reversed and remanded.*

Miller & Ricks, for Appellants.

Venue, like all other issuable facts in criminal cases, must be proved beyond a reasonable doubt. (*Davis v. State*, 134 Wis. 632, 115 N. W. 150; *Gosha v. State*, 56 Ga. 36; *Green v. State*, 4 Ga. App. 260, 61 S. E. 234; *Jones v. State*, 113 Ga. 271, 38 S. E. 851; *Murphy v. State*, 121 Ga. 142, 48 S. E. 909; *Cooper v. State*, 2 Ga. App. 730, 59 S. E. 20; *Commonwealth v. Costley*, 118 Mass. 1; *State v. Keeland*, 39 Mont. 506, 104 Pac. 513; *People v. Manning*, 48 Cal. 335; *People v. Gleason*, 1 Nev. 173; *State v. Dickerson*, 77 Ohio St. 34, 122 Am. St. 479, 11 Ann. Cas. 1181, 82 N. E. 969, 13 L. R. A., N. S., 341; *Garst v. State*, 68 Ind. 37; *Keeler v. State*, 73 Neb. 441, 103 N. W. 64; *Weinecke v. State*, 34 Neb. 14, 51 N. W. 307; *Booten v. State*, 86 Neb. 114, 125 N. W. 144.)

The insufficiency of the evidence to support the verdict and judgment can be reviewed by this court when properly preserved in a bill of exceptions. (*Lewis v. San Francisco*, 2 Cal. App. 112, 82 Pac. 1106; *Froman v. Wilson*, 20 Colo. App. 297, 78 Pac. 615; *Keating v. Hull*, 78 Conn. 719, 62 Atl. 661; *City of Chicago v. McCartney*, 216 Ill. 377, 75 N. E. 117; *King v. Wright*, 27 Ind. App. 600, 61 N. E. 796; *Singer Mfg. Co. v. Stephens* (Mo.), 68 S. W. 903; *Yellowstone Nat. Bank v. Gagnon*, 25 Mont. 268, 64 Pac. 664; *University of Michigan v. McGuckin*, 62 Neb. 489, 87 N. W. 180, 57 L. R. A. 917; *United States Nat. Bank v. Hatton*, 1 Neb. Unof. 795, 95 N. W. 364; *Pratt v. Gillespie*, 97 Tenn. 217, 36 S. W. 1097; C. S. 9007.)

The evidence can be brought upon the record of the district court in no other way than by a bill of exceptions. (*Wilson v. City of Phillipsburg*, 69 Kan. 867, 77 Pac. 582; *State v. Wooldridge*, 192 Mo. 12, 91 S. W. 125.)

There is no difference between a reporter's transcript and a bill of exceptions. (C. S., sec. 6886; *Kelley v. Clark*, 21 Ida. 231, 121 Pac. 95; *Buster v. Fletcher*, 22 Ida. 172, 125 Pac. 226; *Fisher v. Davis*, 24 Ida. 216, 133 Pac. 910; *Steinour v. Oakley State Bank*, 32 Ida. 91, 177 Pac. 843.)

Any bill or bills of exceptions is a part of the record on appeal. (C. S., sec. 9040.)

A. H. Conner, Attorney General, and Jas. L. Boone, Assistant, for Respondent.

The sufficiency of the evidence to sustain the verdict will not be reviewed on a bill of exceptions. (C. S., secs. 9011, 9068; *People v. Ah Hop,* 1 Ida. 698.)

BUDGE, C. J.—Appellants were convicted of the crime of unlawful possession of intoxicating liquor. From the judgment and from an order overruling a motion for a new trial this appeal is prosecuted. There is no reporter's transcript. The case is here for review upon a bill of exceptions duly settled and allowed by the trial judge.

The important question for determination is whether, in the absence of a reporter's transcript in lieu of a bill of exceptions, the insufficiency of the evidence to justify the verdict and judgment may be reviewed upon a bill of exceptions from an order overruling a motion for a new trial. Where a motion for a new trial is made after judgment and overruled and the insufficiency of the evidence to support the verdict and judgment is set out in the notice and motion for new trial and thereafter, in support of the motion, a bill of exceptions embodying the material testimony is before the trial court and considered by it in passing upon the motion and is thereafter incorporated in and becomes a part of the record on appeal, the bill of exceptions so settled and allowed is properly before this court and the question of the sufficiency of the evidence will be reviewed. C. S., sec. 9068, provides that:

"An appeal may be taken by the defendant:

"1. From a final judgment of conviction.

"2. From an order denying a motion for a new trial.

"3. From any order made after judgment, affecting the substantial rights of the party.

"Upon an appeal from a final judgment of conviction, if a reporter's transcript of the evidence appears in the record,

the ground that the verdict is contrary to the evidence may be considered and determined to the same extent as on an appeal from an order denying a new trial, *Providing,* A specification of the particulars in which the evidence is insufficient to sustain the verdict is made in appellant's brief filed with the supreme court.''

Prior to the amendment of C. S., sec. 9068, *supra,* the only method of procuring a review of the evidence was upon appeal from an order granting or denying a motion for a new trial. (*State v. Lottridge,* 29 Ida. 53, 155 Pac. 487.) Under the provisions of C. S., sec. 9068, an appeal may now be taken by the defendant from a final judgment of conviction and if a reporter's transcript of the evidence appears in the record, the ground that the verdict is contrary to the evidence may be considered and determined, providing a specification of the particulars in which the evidence is insufficient to sustain the verdict is made in appellant's brief filed in the supreme court.

We have therefore properly before us for review the evidence contained in the bill of exceptions. If all of the evidence is not contained in the bill of exceptions the fault rests with the prosecuting attorney for failure to propose amendments to the bill incorporating all of the evidence bearing upon the point. This court cannot presume that there is any evidence other than that contained in the bill, and this is particularly true where there is a stipulation to the effect that the bill of exceptions contains all of the evidence, as in this case. (*People v. English,* 52 Cal. 211.)

Appellant has raised the point in his assignments of error that there is no proof of venue. The venue of an offense must be laid in the information and proven as any other material allegation. (*State v. Cole,* 31 Ida. 603, 174 Pac. 131.) Proof of venue must be either direct or indirect but it must be one or the other and the record must show it or the judgment will be reversed. (*People v. Roach,* 48 Cal. 382.) The evidence contained in the bill of exceptions in this case fails to show proof of the venue as alleged in the information.

In view of what has been said it follows that the judgment must be reversed and the cause remanded for a new trial. There are other errors assigned which we do not deem necessary to consider in view of the disposition of this case.

McCarthy, Dunn, William A. Lee and Wm. E. Lee, JJ., concur.