[No. 35243.    Department Two.    August 18, 1960.]

IOLA HAMMERLUND et al., *Appellants*, v. THE WASHINGTON CHILDREN'S HOME SOCIETY, *Respondent*.[1]

*Jerry T. Haggarty,* for appellant.

*Arthur G. Barnett,* for respondent.

MALLERY, J.—The appellants, petitioners below, sought by a writ of *habeas corpus* to recover custody of their adopted son. The writ was dismissed by the trial court on the ground that they had not sustained the burden of showing that the boy was being illegally detained.

[1]Reported in 354 P. (2d) 945.

The boy was born on May 19, 1951, and was adopted by the appellants on July 24, 1957. Before the adoption, he had lived with the appellants for a period of seven months. Prior to this, he had lived in five different homes in five years. After the adoption, the appellants experienced serious problems with the boy due to his habit of stealing food and candy. Finally, on April 23, 1958, only nine months after the adoption, the appellant mother returned to the King county superior court adoption service where she stated that she could not keep the boy, and that the adoption had been a mistake. The appellants repeatedly put pressure on the respondent to take the boy from April 28th to May 14th, when respondent reluctantly agreed to do so.

At that time, appellants signed a petition, which recites, among other things:

"Your Petitioners Oscar Carl Hammerlund and Iola Hammerlund respectfully represent and show to the Court as follows:

"THAT . . . , born on May 19, 1951, in Seattle, Washington, is the minor child of Oscar Carl Hammerlund [and] Iola Hammerlund and that your petitioners are unable to provide a home, care, or training for the said child by reason of the fact that: the adoption made about 18 months ago on a private basis has not worked out and they feel that for the welfare of their entire family as well as that of said child they should be relieved of this responsibility.

"That it would be for the best interest and welfare of the said child that the Court grant to your petitioners the right to *relinquish* all of their parental rights and interests in the said child to the Washington Children's Home Society.

"That should the Honorable Court grant said right to your petitioners, your petitioners hereby waive the services of process and submit to the jurisdiction of the above-entitled Court, and hereby *relinquish* all right, title and interest in and to the said child, and consent to the adoption of said child by any person or persons authorized and qualified to do so.

"WHEREFORE, YOUR PETITIONERS Pray your Honor for an Order granting your Petitioners the right of *relinquishment,* approving such *relinquishment* and the placement of the said child in the sole care, custody and control of the said Washington Children's Home Society, with full power and

authority in said corporation to place said child in a fit, proper and suitable home for adoption and to consent to such adoption of the said child." (Italics ours.)

On June 4, 1958, the superior court granted the appellants' petition, without notice to them that it was going to do so, and, thereupon, entered an order approving their relinquishment of the boy for adoption. The order deprived them of all rights in the boy and, in addition, declared him to be a dependent child. It is the lack of notice of this hearing which appellants assert requires a reversal of the trial court.

This proceeding came about because the appellants changed their minds after the order of relinquishment. On January 2, 1959, they called the respondent stating that they wanted the boy back and had made a mistake in relinquishing him. The respondent refused the request having placed him in a prospective adoptive home, where he was making a satisfactory adjustment.

The appellants contend that their petition for relinquishment of their parental rights should be construed as a petition for declaration of *dependency*, in which case the provisions of RCW 13.04.070 would apply to it. This statute requires that notice of the hearing be given to parents.

They contend that their specific waiver of service of notice in their petition is ineffective because they have no power to waive a jurisdictional step required by the statute in a dependency hearing.

This contention would be sound if this were a dependency proceeding, and if the court was attempting to take custody of the child from the parents on the ground of the dependency of the child.

■ We cannot agree that the petition in question was anything but a petition for court approval of their relinquishment of the child. RCW 26.36.010 provides that parental rights may not be relinquished without an order of the superior court. It does not require notice of hearing to be given to parents who are relinquishing their rights and are themselves the petitioners.

The order of relinquishment is valid. The judgment is affirmed.

WEAVER, C. J., FINLEY, ROSELLINI, and FOSTER, JJ., concur.

September 29, 1960. Petition for rehearing denied.