507 P.2d 808

STATE of Idaho, Plaintiff-Respondent,

v.

David R. SHANNON, Defendant-Appellant.

No. 10267.

Supreme Court of Idaho.

March 9, 1973.

**300**

John Hjellum II, Boise, for defendant-appellant.

W. Anthony Park, Atty. Gen., J. Dennis (J. D.) Williams and Peter E. Heiser, Deputy Attys. Gen., Boise, for plaintiff-respondent.

McQUADE, Justice.

This is an appeal from a judgment of conviction on two counts of lewd and lascivious conduct with a minor child under sixteen years of age.[1] A jury found defendant-appellant David R. Shannon guilty of the charges. Thereafter the trial court entered its judgment of conviction and sentenced Shannon to two consecutive ten year terms in the state penitentiary.

The procedural background for this case began on March 14, 1967, when a criminal complaint and warrant of arrest were signed, charging appellant Shannon with the crime of statutory rape. An amended complaint was issued on March 23, 1967, charging Shannon with lewd and lascivious conduct with a minor child under sixteen years of age. (two counts). Count one involved a minor girl and was allegedly committed on or about November 8, 1966. Count two involved a minor boy and was allegedly committed on or about August 1, 1966.

Shannon was advised of his constitutional rights when arrested on March 14, 1967. Upon arraignment on March 14, defendant filed a request for appointment of counsel. The next morning, March 15, 1967, Shannon was advised in writing of his rights and signed a waiver of these rights including the right to counsel.[2] Shannon made a statement at this time which later was admitted into evidence at trial. Shannon did not have counsel when this statement was made.

On March 24, 1967, Shannon waived the preliminary examination. Subsequently, a demand for preliminary examination, motion to suppress evidence, motion to dismiss, and various amendments and supplements were filed, denied and overruled. A jury trial was held on March 19, 20, 21 and 22, 1968.

---

1. I.C. § 18-6607 states: *"Lewd conduct with minor or child under sixteen.*—Any person who shall willfully and lewdly commit any lewd or lascivious act or acts upon or with the body or any part or member thereof of a minor or child under the age of sixteen years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person or of such minor or child, shall be guilty of a felony and shall be imprisoned in the state prison for a term of not more than life."

2. Appellant initialed six of the most important statements contained in a typewritten notification and waiver of rights, then signed the entire document. The last few sentences of the waiver read as follows:

"I am willing to answer questions and make a statement. I do not want a lawyer at this time. I understand and know what I am doing. No promises or threats have been made to me, and no pressure of any kind has been used against me."

Appellant Shannon lists nineteen assignments of error. Several of these assignments of error relate to the adequacy and procedural propriety of the amended complaint and information upon which the defendant was tried. Although defendant was originally charged with statutory rape, an amended complaint altering the offense to lewd and lascivious conduct was filed the day before defendant waived preliminary examination. Thus, defendant was properly advised that he was charged with lewd and lascivious conduct at the time he was brought before the magistrate for preliminary examination.

Appellant alleges that the information failed to inform him of the specific act and nature of the charge against him. Statutes governing the sufficiency of an indictment also apply to informations.[3] I.C. § 19-1409[4] and I.C. § 19-1411[5] concerning the adequacy of indictments are thus applicable to informations. The information here in question met the requirements of I.C. §§ 19-1409 and 19-1411, adequately informing appellant of the specific act and nature of the charge against him.

The appellant alleges as error the use of an amended complaint, claiming that its use violated appellant's constitutional rights. There is no validity to this argument. I.C. § 19-1420 provides for amending a charge against a defendant.[6] It is true that an accused is denied his constitutional right to a preliminary hearing where an information is filed or subsequently amended charging him with a crime of a greater degree or of a different nature than the one for which he was held by the committing magistrate.[7] However, the crime appellant was held by the committing magistrate to have violated here involved the two counts of lewd and lascivious conduct, *not* the charge of statutory rape. The information filed in this case after waiver of the preliminary hearing[8] also accused Shannon of those same two counts of the crime of lewd and lascivious conduct. Shannon was thus given an opportunity for a preliminary hearing which he waived, after which an information alleging the same two counts and crime was filed against him.

Appellant claims that I.C. § 18-6607 is unconstitutional due to being so vague and indefinite that it violates the provisions of the Fourteenth and Sixteenth Amendments of the Constitution of the United States. This statute has been held constitutional by this Court in the case of State v. Evans.[9] In holding the statute

3. I.C. § 19-1304.

4. I.C. § 19-1409 states: *"Requirements of indictment.*—The indictment must contain:
   1. The title of the action, specifying the name of the court to which the indictment is presented, and the names of the parties.
   2. A statement of the acts constituting the offense in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended."

5. I.C. § 19-1411 states: *"Certainty required of indictment.*—It must be direct and certain as it regards:
   1. The party charged.
   2. The offense charged.
   3. The particular circumstances of the offense charged, when they are necessary to constitute a complete offense."

6. I.C. § 19-1420 provides as follows: "An indictment or information may be amended by the prosecuting attorney without leave of the court, at any time before the defendant pleads, and at any time thereafter, in the discretion of the court, where it can be done without prejudice to the substantial rights of the defendant. An information or indictment can not be amended so as to charge an offense other than that for which the defendant has been held to answer."

7. State v. McKeehan, 91 Idaho 808, 817, 430 P.2d 886 (1967).

8. *See* I.C. § 19-1308 which provides: "No information shall be filed against any person for any offense until such person shall have had a preliminary examination therefor, as provided by law, before a justice of the peace, or other examining magistrate or officer, unless such person shall waive his right to such examination * * *."

9. 73 Idaho 50, 245 P.2d 788 (1952).

constitutional, this Court therein stated: "Moreover, the forbidden acts and conduct are further limited and defined by the specific intent required by the statute. That is, it prohibits only such lewd and lascivious acts as are committed with the intent therein detailed. So the certainty required by due process is present." [10] The statute here in question is sufficiently certain that it conveys to a person of ordinary understanding an adequate description of the evil intended to be proscribed.[11]

■ Appellant alleges in the assignments of error that the crime involved here required corroboration, and that no such corroboration was present. I.C. § 18–6607 requires corroboration of a prosecuting witness's testimony.[12] In State v. Tope, this Court stated, " * * * that no hard and fast rule can be laid down concerning the subject of corroboration. Each case must depend upon its own merits and surrounding circumstances." [13] Sufficient corroboration of the prosecuting witness's testimony can be found in appellant's confession. Statements or confessions of a defendant which are admissable are proper sources of corroborative evidence.[14] Sufficient corroboration to satisfy I.C. § 18–6607 was present in this case. A related assignment of error questioned whether the jury adequately reviewed appellant's statement because of the time they used to reach a verdict. The jury was present while all of the evidence was adduced and instructions concerning the applicable law on corroboration were given the jury by the lower court. The method used in reaching a verdict is the prerogative of the trier of fact and this Court sees no reason in this case to interfere with that prerogative. Adequate and proper instructions concerning the applicable law in this action were given the jury by the lower court.[15]

The admission of the signed confession of appellant by the trial court is assigned as error by appellant. Appellant claims that he was denied his right to counsel at the time of making the statement.

■ Two absolute prerequisites to admissibility of any statement made by a suspect without the presence of an attorney are correct warnings of the accused's rights and a positive waiver by the accused of his rights.[16] Here the correct warnings as to appellant's rights were given him[17] and a positive signed waiver was made. Any waiver, to be valid, must be made "voluntarily, knowingly and intelligent-

10. *Id.*, 73 Idaho at 57, 245 P.2d at 792.

11. *Id.*, 73 Idaho at 56, 245 P.2d 788. *See also* State v. Campbell, 70 Idaho 408, 219 P.2d 956 (1950) ; State v. Burns, 53 Idaho 418, 23 P.2d 731 (1933) ; State v. Dingman, 37 Idaho 253, 219 P. 760 (1923).

12. State v. Ross, 92 Idaho 709, 713, 449 P.2d 369 (1968) ; State v. Tope, 86 Idaho 462, 387 P.2d 888 (1963) ; State v. Madrid, 74 Idaho 200, 259 P.2d 1044 (1953) ; State v. Elsen, 68 Idaho 50, 187 P.2d 976 (1947).

13. 86 Idaho 462, 467, 387 P.2d 888, 892 (1963).

14. State v. Ross, 92 Idaho 709, 714, 449 P.2d 369 (1968).

15. *See* I.C. §§ 19–2131, 19–2132.

16. State v. Ross, *supra*, note 12, 92 Idaho at 714, 449 P.2d 369.

17. In State v. Ross, *supra*, note 12, 92 Idaho at 715, 449 P.2d at 375 these warn-

ings are summarized as follows: "The four warnings which must be given prior to the interrogation are: (1) the accused must be told that he has the right to remain silent, and that he is under no compulsion to discuss anything with the officers if he does not so desire; (2) he must be informed that if he does say anything to the officers, such may be used as evidence against him in a court of law. This is to apprise him of the possible consequences of the waiver of his right to remain silent; (3) he must be informed that he has the right to consult with a lawyer, *and* that he may have the lawyer with him during the interrogation. There is no prerequisite that the accused make a request to bring this right into play; the police *must* inform him of this right; (4) and finally, the police must inform him that if he cannot afford an attorney, one will be appointed for him free of charge prior to any questioning."

ly."[18] Since there is direct evidence of such a knowing, voluntary and intelligent waiver by Shannon before making any statement, the State's burden has been met. *Miranda* states as follows on this issue:

"If the interrogation continues without the presence of an attorney and a statement is taken, a heavy burden rests on the government to demonstrate that the defendant knowingly and intelligently waived his privilege against self-incrimination and his right to retained or appointed counsel. Escobedo v. State of Illinois, 378 U.S. 478, 490, n. 14, 84 S.Ct. 1758, 1764, 12 L.Ed.2d 977. This Court has always set high standards of proof for the waiver of constitutional rights, Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, (1938), and we reassert these standards as applied to in-custody interrogation. Since the State is responsible for establishing the isolated circumstances under which the interrogation takes place and has the only means of making available corroborated evidence of warnings given during incommunicado interrogation, the burden is rightly on its shoulders."[19]

The standards required by *Miranda* for the waiver of constitutional rights were fulfilled in this case.

Appellant assigns error to the failure of the district court to grant certain motions of defendant, and to the failure of the district court to direct a verdict of acquittal. This Court has reviewed these motions and the rulings thereon and find no error in said rulings. There was also no error in the refusal of the district court to direct a verdict of acquittal. This jurisdiction has long followed the rule that a verdict of conviction will not be disturbed on appeal where there is substantial and competent evidence to support that verdict.[20] The weight and credibility to be given conflicting evidence is for the jury.[21]

Appellant argues that the trial court erred in failing to give a proper precautionary instruction because of the strong public feeling in a case dealing with sexual crimes. We have reviewed the instructions given by the district court and find no merit in this argument. A portion of Instruction No. 1 is sufficient to show that proper precautionary instruction was given the jury. Instruction No. 1 stated in part:

"The law forbids you to be governed by mere sentiment, conjecture, sympathy, passion, prejudice, public opinion or public feeling. Both the State and the defendant have a right to demand, and they do demand and expect, that you will conscientiously and dispassionately consider and weigh the evidence and apply the law of the case, and that you will reach a just verdict, regardless of what the consequences of such verdict may be. That verdict must express the individual opinion of each juror."

Finally appellant alleges that the State failed to show that the district court had jurisdiction to hear this case. To show jurisdiction, the State must allege in the information and prove that the offense was committed in the state and within the jurisdiction of the court.[22] The information in this case alleged that the offenses occurred in Ada County, State of Idaho. This sufficiently alleged that the

18. Miranda v. State of Arizona, 384 U.S. 436, 444, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

19. *Id.*, 384 U.S. at 475, 86 S.Ct. at 1628.

20. State v. Ross, supra, note 12, 92 Idaho at 717, 449 P.2d 369; State v. Pruett, 91 Idaho 537, 428 P.2d 43 (1967); State v. Booton, 85 Idaho 51, 375 P.2d 536 (1962).

21. State v. Stevens, 93 Idaho 48, 51, 354 P.2d 945 (1969); State v. Pruett, *supra*, note 20, 91 Idaho at 541, 428 P.2d 43.

22. State v. Mowrey, 91 Idaho 693, 429 P.2d 425 (1967).

**304**

district court had venue in this case.[23] The venue of an offense must, however, be proven as must all material allegations.[24] Prosecution witnesses testified that the two counts of lewd and lascivious conduct occurred in Boise. This Court takes judicial notice that Boise is located in Ada County, State of Idaho.[25] There was then adequate proof of venue.

The judgment of conviction is affirmed.

McFADDEN, and BAKES, JJ., and DUNLAP and NORRIS, District Judges, concur.

23. *See* I.C. § 19–1418 which provides; in part, as follows: "The indictment is sufficient if it can be understood therefrom: * * * 4. That the offense was committed at some place within the jurisdiction of the court, except where the act, though done without the local jurisdiction of the county, is triable therein."

I.C. § 19–1304 makes the provisions of the code in relation to indictments applicable to informations and proceedings thereon.

24. *See* State v. Siepert, 38 Idaho 20, 23, 225 P. 135 (1923).

25. *See* State v. Barr, 63 Idaho 59, 70, 117 P.2d 282 (1941).