W. JONES, J,
dissenting.
I. It Was Proper to Amend the Indictment Because Sexual Abuse of a Child in This Case Is a Lesser-Included Offense of Lewd Conduct Under the Pleading Theory
There are two ways to identify a lesserineluded offense: the statutory theory and the pleading theory. See State v. Thompson, 101 Idaho 430, 433-34, 614 P.2d 970, 973-74 (1980) (describing both theories). I agree with the Majority that, under the statutory theory, sexual abuse of a child is not a lesserineluded offense of lewd conduct with a minor. This is true because sexual abuse requires an element that lewd conduct does not: the defendant must be at least eighteen years old, while lewd conduct applies to offenses committed by “any person.” Compare I.C. § 18-1506(1) with I.C. § 18-1508. I must part with the Majority, however, when it overrules our prior cases by holding that sexual abuse is never a lesser-ineluded offense under the pleading theory.

1. Our Case Law Holds that Sexual Abuse Is a Lesser-Included Offense of Lewd Conduct Under the Pleading Theory

An offense that is not necessarily a lesserineluded crime of another under the statutory approach can still be a lesser-ineluded offense under the pleading theory if two elements are present. First, the indictment must charge the accused with a crime, the acts of which would necessarily include proof of a lesser offense. State v. Curtis, 130 Idaho 522, 524, 944 P.2d 119, 121 (1997). Next, “the trial court must determine whether a reasonable view of the evidence would support a giving of an instruction” on the lesser offense. Id.
Most, if not all, of Idaho’s judges and criminal lawyers will be quite surprised by today’s ruling. In State v. O’Neill, 118 Idaho 244, 796 P.2d 121 (1990), the State originally charged the defendant with lewd conduct, but amended the complaint to charge the defendant with sexual abuse instead based on the same facts. Id. at 245, 796 P.2d at 122. This Court sua sponte considered whether amending the information was proper, then expressly held that “[violation of I.C. § 18-1506 is a lesser included offense when an individual is charged with violations of I.C. § 18-1508.” Id. at 248, 250, 796 P.2d at 125, 127; see also State v. Ransom, 124 Idaho 703, 706, 864 P.2d 149, 152 (1993) (noting that the defendant had been convicted of sexual abuse as a lesser-ineluded offense of lewd conduct). The Court apparently rested this decision on the pleading theory, noting that the defendant had not been charged with a mutually exclusive crime and that the same conduct was charged in both counts. The Idaho Criminal Jury Instructions, which presumptively are correct, reflect this ruling. ICJI 922 cmt.; McKay v. State, 148 Idaho 567, 571 n. 2, 225 P.3d 700, 704 n. 2 (2010) (“The I.C.J.I. are presumptively correct.” (quoting State v. Merwin, 131 Idaho 642, 647, 962 P.2d 1026,1031 (1998))).
The Majority sidesteps O’Neill by explaining that the charged conduct in the original information in that case was identical to that charged in the amended information, while here Flegel was charged with manual-genital contact in the first trial but was charged with touching the victim’s buttocks in the second trial.
The Majority’s reasoning is anomalous, as the purpose of a charging document is to give fair notice to defendants of the charges they face. Although an indictment might only list a single offense, “the charge of an offense includes in it any lesser included offenses and the accused may be acquitted of the charged offense but convicted of the lesser included offense.” State v. Padilla, 101 Idaho 713, 717, 620 P.2d 286, 290 (1980) (quoting State v. Caringa, 95 Idaho 900, 902, 523 P.2d 32, 34 (1974)). As we recently stated, “an amendment that merely alleges additional means by which the defendant *534 may have committed the crime is permissible if it does not prejudice the defendant.” State v. Severson, 147 Idaho 694, 709, 215 P.3d 414, 429 (2009). Since defendants are on notice of all lesser-included offenses, they are not prejudiced when the State amends a charging document to allege “additional means” by which they have committed a lesser-included offense.
First, under O’Neill, Flegel was on notice that he could have to answer to a sexual-abuse charge as a lesser-included offense. Second, the State amended the indictment to allege that Flegel had engaged in sexual contact with the victim. This is merely an “additional means by which the defendant may have committed the crime” of sexual abuse. Id. Both trials stemmed from a single brief incident in which Flegel allegedly reached into the victim’s overalls to touch her buttocks and genitals. Changing the indictment to charge Flegel with offensive sexual contact could not have surprised him before his second trial, as the State amended the indictment seven months before the second trial and simply set out again to prove that Flegel fondled the girl, the central factual issue in the first trial.
The Majority instead cites State v. Fodge, 121 Idaho 192, 824 P.2d 123 (1992), a ease in which this Court upheld a district court’s refusal to instruct a jury on sexual abuse as a lesser-included offense. That decision, however, said nothing about whether sexual abuse can be a lesser-included offense of lewd conduct.
In Fodge, the only evidence presented at trial went to anal-genital and oral-genital contact, which were and still are specifically proscribed in the lewd-conduct statute. I.C. § 18-1508. We affirmed the district court’s refusal to instruct on sexual abuse not because sexual abuse is never a lesser-included offense of lewd conduct. Instead, we affirmed solely because I.C. § 19-2132(b)(2) permits an instruction on a lesser-included offense only if “[tjhere is a reasonable view of the evidence presented in the ease that would support a finding that the defendant committed such lesser included offense but did not commit the greater offense.” See Fodge, 121 Idaho at 195, 824 P.2d at 126 (citing § 19-2132 as the sole reason for upholding the district court’s decision). We reasoned that instructing on sexual abuse was unnecessary because the jury in that ease could not reasonably have convicted the defendant of sexual abuse without also convicting him of lewd conduct.
The Majority is therefore patently wrong when it cites Fodge to state that “[i]f it were impossible to commit lewd conduct without also committing sexual abuse, then the lesser included instruction for that charge would have been required.” Fodge simply did not hold that. It merely stated that, under the applicable statute, an instruction on sexual abuse is not appropriate when the only evidence at trial could also support a conviction for the greater offense of lewd conduct. Fodge, 121 Idaho at 195, 824 P.2d at 126 (citing I.C. § 19-2132(b)).
At most, Fodge proceeded on the assumption that sexual abuse is a lesser-included offense, but an instruction was unnecessary anyway because all the evidence also supported a lewd-conduct conviction. At the very least, Fodge declined to revisit the issue of whether sexual abuse is a lesser-included offense of lewd conduct. This is understandable, as that issue was not critical to resolving the case. Moreover, just a year and a half beforehand, this Court had handed down O’Neill, which squarely addressed the very question before us today and concluded that sexual abuse can indeed be a lesser-included offense of lewd conduct under the pleading theory. O’Neill, 118 Idaho at 249-50, 796 P.2d at 126-27.

2. Holding that Sexual Abuse Is Not a Lesser-included Offense Leads to an Absurd Result Contrary to the Legislature’s Intent

The Majority primarily relies on the fact that I.C. § 18-1506 defines sexual abuse as contact with a child “not amounting to lewd conduct.” It reasons that this language is an element of sexual abuse of a child — to convict for sexual abuse the State must now prove not simply that a defendant engaged in sexual contact with a child, but that such contact would not qualify as lewd conduct. The Majority so holds even though there is no au *535 thority anywhere suggesting that the State, when proceeding under I.C. § 18 — 1506(b), has to prove that the defendant’s conduct meets the definition of sexual contact but not lewd conduct.
Absurdities will result from the Majority’s new and unprecedented take on the sexual-abuse statute. “The plain meaning of a statute ... will prevail unless clearly expressed legislative intent is contrary or unless the plain meaning leads to absurd results.” State v. Kimball, 145 Idaho 542, 544, 181 P.3d 468, 470 (2008). There is no reason the Legislature would actually require prosecutors to prove, as an element of one crime, that the defendant did not commit a different or greater crime. Pursuant to the Majority’s reasoning, it appears logical that Defendants can now begin defeating charges of sexual abuse of a child by proving that they committed lewd conduct instead. For example, a defendant charged with sexual abuse of a child can now evade conviction by insisting he placed his genitals in a child’s mouth but did not otherwise touch the child in a sexual manner.[4] This conclusion follows from the majority’s ruling that sexual abuse and lewd conduct .are mutually exclusive crimes. Surely the Legislature did not intend this result when it enacted I.C. § 18-1506(b).
The Majority’s holding is even more absurd when viewed in its historical context. The Legislature enacted I.C. § 18-1506, the sexual-abuse statute, in 1982. Although this provision has since undergone significant changes, even in its original form it contained the “not amounting to lewd conduct” language. Act of March 26, 1982, eh. 192, § 1, 1982 Idaho Sess. Laws 519, 519.
When the sexual-abuse statute was enacted, on the other hand, the lewd-conduct statute left the terms “lewd or lascivious” completely undefined. Lewd conduct was not restricted to any of the specific kinds of physical contact to which it is limited today. Act of Jan. 26, 1973, ch. 1, § 2, 1973 Idaho Sess. Laws 1, 1 (codified at I.C. § 18-6607 (1973)).[5] Thus, because “lewd conduct” was undefined when the sexual-abuse statute was enacted, it would have been nearly impossible for a prosecutor to show that a particular defendant’s conduct was sexual abuse but not lewd conduct. Looking to a dictionary would not be helpful either. “Lewd” simply means “[ojbseene or indecent; tending toward moral impurity or wontonness,” while “lascivious” simply means “tending to excite lust; lewd; indecent; obscene.” Black’s Law Dictionary 991 (9th ed. 2009). These broad terms would certainly also apply to any “sexual contact” as defined in I.C. § 18-1506.[6]
*536 The Majority acknowledges that in 1983 a federal district judge in Schwartzmiller v. Gardner, 567 F.Supp. 1371 (D.Idaho 1983) declared that the lewd-conduct statute at the time was unconstitutionally vague except in certain narrow cases because it did not define “lewd conduct.” Id. at 1376-78. In 1984, the Legislature responded by amending the lewd-conduct provision so that it applied to acts “including but not limited to” certain specific types of physical contact. Act of Mar. 19,1984, eh. 63,1984 Idaho Sess. Laws 112. Thus, although it provided a list of proscribed activities, by inserting the phrase “including but not limited to,” the Legislature still left open the possibility that other as-yet unidentified kinds of conduct could qualify as lewd conduct.
The Majority insists that the 1984 changes “amended section 18-1506 to specifically provide that sexual abuse of a child under the age of sixteen years requires sexual contact with the child ‘not amounting to lewd conduct.’ ” On the contrary, the “not amounting to lewd conduct” phrase predates the 1984 amendments and in fact has always been a part of the sexual-abuse statute. Ch. 192, § 1, 1982 Idaho Sess. Laws at 519. Again, when the Legislature first enacted I.C. § 18-1506 in 1982, lewd conduct was undefined. I.C. § 18-1508 (1982). In 1984, the Legislature merely updated I.C. § 18-1506 so that it cited to the newly relocated lewd-conduct statute but did not otherwise modify § 18-1506 whatsoever. The Majority does not explain why the phrase “not amounting to lewd conduct” would mean something different before the 1984 amendment. Neither does it explain why changing a single citation within a statute would add an element to a crime. Instead, it is quite clear that the Legislature clarified the lewd-conduct provision in I.C. § 18-1508 to avoid constitutional vagueness issues, not to add an element to the definition of sexual abuse in I.C. § 18-1506.[7]
Since applying the literal language of the sexual-abuse statute would lead to absurd results, the Court must construe the provision to give effect to the Legislature’s intent. State v. Urrabazo, 150 Idaho 158, 161, 244 P.3d 1244, 1247 (2010) (citing State v. Doe, 147 Idaho 326, 327, 208 P.3d 730, 731 (2009)). When interpreting a statute, the most important aim is to ascertain the Legislature’s intent when considering all the applicable statutes, the reasonableness of the proposed interpretations, the policy behind the statute, and the legislative history. State v. Pina, 149 Idaho 140, 144, 233 P.3d 71, 75 (2010).
Committee minutes leading up to the enactment of I.C. § 18-1506 show that its drafters intended “to fill what they perceive to be a gap in [the] present lewd and lascivious statute” by expanding the range of criminal conduct, i.e. sexual abuse, beyond that punishable as lewd conduct. S. Jud. & Rules Comm. Minutes, 46th Leg., 2d Sess., at 2 (Idaho Feb. 22, 1982); see also H. Jud., Rules & Admin. Comm. Minutes, 46th Leg., 2d Sess., at 3 (Idaho Mar. 19, 1982) (similar). The original Statement of Purpose for I.C. § 18-1506 stated that the new provision was to “provide a legal mechanism for the prosecution by county prosecuting attorneys, of child sexual abuse cases which do not fall within other criminal statutes such as lewd conduct.” Statement of Purpose, S.B. 1405, 46th Leg., 2d Sess. (Idaho 1982) (emphasis added). Thus, the Legislature intended the “not amounting to” language to signal that the State could now prosecute crimes that previously did not qualify as lewd conduct but were other forms of sexual assault. It clearly did not intend to actually make it an element of sexual abuse, therefore requiring that the prosecutor prove the defendant’s conduct was not lewd conduct.
*537 The Legislature has always regarded sexual abuse as a lesser-ineluded offense of lewd conduct, as has the Criminal Jury Instructions Committee. The Legislature has steadily widened the range of conduct to which I.C. § 18-1506 applies, viewing it as a broader, lesser-ineluded offense of the more serious crime of lewd and lascivious conduct. For instance, in discussing a 1987 amendment to the statute, one committee member noted that the change was driven by “the need to expand the definition of activities which constitute sexual abuse of a child, to include additional actions within the definition of lewd and lascivious.” H. Jud., Rules & Admin. Comm. Minutes, 49th Leg., 1st Sess., at 1 (Idaho Feb. 9, 1987); see also S. Jud. & Rules Comm. Minutes, 59th Leg., 2d Sess., at 3 (Idaho Feb. 11, 2008) (noting that sexual abuse is “one step lower than a lewd and lascivious conduct charge”). The Legislature never intended to exclude from the definition of sexual abuse crimes that could also qualify as lewd conduct.
Further, lewd conduct has always been a very serious felony, carrying a maximum possible sentence of life in prison. I.C. § 18-6607 (1973); I.C. § 18-1508 (2011). By contrast, sexual abuse has always been a felony, but subject to a less severe punishment. I.C. § 18-1506(1) (1982) (stating that sexual abuse is a “felony”); I.C. § 18-1506(5) (2011) (stating that the maximum term of imprisonment is twenty-five years). The Legislature created a lesser-ineluded offense by defining sexual abuse broadly and reserving the most serious punishments for the narrow class of particularly harmful sexual abuse punishable as lewd conduct.
Because sexual abuse of a minor can be a lesser-ineluded offense of lewd conduct under the pleading theory, it was proper to allow the State to amend the indictment to add a charge for sexual abuse of a minor in this ease, as the conduct for which Flegel was charged in both trials stemmed from the same incident. Since the Majority vacates Flegel’s conviction on this issue, it does not reach other issues he raised on appeal. I therefore do not reach these issues, but write separately to explain only that I would affirm the district court’s decision to allow the State to amend the indictment.

. Although a defendant would not likely do this in most cases, since it would expose him to a greater crime, the possibility it could be done illustrates the lack of logic in the Majority's reasoning. This case provides an excellent example. Flegel has already been acquitted on his lewd-conduct charge for touching the victim’s genitals and is therefore safe from reprosecution under the Double Jeopardy Clause for the conduct constituting that crime. Under today’s decision, if the State files a new sexual-abuse charge against him which the majority states is a different crime, Flegel can escape all punishment by proving at trial that he did in fact fondle the victim’s genitals but did not otherwise have illicit sexual contact with her.

. The lewd-conduct statute was initially codified at I.C. § 18-6607, but has since been redesignated to its current location. Act of March 19, 1984, ch. 63, § 2, 1984 Idaho Sess. Laws 112, 112. The redesignation did not substantively change the statute. Id.

. It is true that the original lewd-conduct statute withstood facial void-for-vagueness challenges before the Legislature added a list of specific prohibited acts to the statute in 1984. State v. Harmon, 107 Idaho 73, 78, 685 P.2d 814, 819 (1984) (upholding a conviction for attempted rape); State v. Shannon, 95 Idaho 299, 302, 507 P.2d 808, 811 (1973) (rape); State v. Evans, 73 Idaho 50, 57, 245 P.2d 788, 791-92 (1952); see also Schwartzmiller v. Gardner, 752 F.2d 1341, 1348-49 (9th Cir.1984) (upholding a conviction where the defendant masturbated a child). Cases interpreting the former statute upheld convictions for certain egregious activities such as child rape or fondling a child’s genitals. See State v. Ross, 92 Idaho 709, 711, 718, 449 P.2d 369, 371, 378 (1968) (fondling children’s genitals); State v. Iverson, 77 Idaho 103, 109, 289 P.2d 603, 605 (1955) (attempted anal rape); State v. Wall, 73 Idaho 142, 143, 248 P.2d 222, 223 (1952) (placing the child’s genitals in the defendant’s mouth).
Even though a few cases had identified activity that was "lewd conduct,” no case defined the outer limits of proscribed conduct. It would, of course, be impossible to know ahead of a prosecution the full realm of what the Legislature had meant for the lewd-conduct statute to apply to. See State v. Schwartzmiller, 107 Idaho 89, 94, 685 P.2d 830, 835 (1984) (3-2 decision) (”[I]t remains the law in Idaho that antiquated and *536 poorly worded statutes criminalizing certain sexual acts adequately forewarn the people of this state — not because the statute itself is sufficient but because a variety of 3-2 opinions of the Idaho Supreme Court issued over 30 years supplied the deficiencies.” (Bistline, J., dissenting)). It would therefore be nearly impossible for prosecutors in a wide range of cases to prove that a defendant charged with sexual abuse had not committed lewd conduct. This problem persists today, as I.C. § 18-1508 still does not state that the list of prohibited physical contact is an exclusive one.

. Indeed, the act that amended § 18-1506 was partially entitled, "Amending Section 18-1506, Idaho Code, to Provide a Correct Code Citation.” 1984 Idaho Sess. Laws at 112.