(No. 6994. July 3, 1942.)

STATE, Respondent, v. FELIX HIRSCH, Appellant.

[127 Pac. (2d) 764.]

Felix Hirsch, pro se.

Bert H. Miller, Attorney General, and J. R. Smead, Assistant Attorney General, for respondent.

HOLDEN, J.—Felix Hirsch was tried for the alleged commission of statutory rape—having sexual intercourse with a female under the age of eighteen years—and was convicted and appeals.

At the close of all the evidence the trial court instructed the jury that:

"In this case should you find from the evidence beyond a reasonable doubt that the defendant, Felix Hirsch, on or about the 10th day of March, 1941, in Idaho County, State of Idaho, did have sexual intercourse with one Helen Zipse, a female then and there under the age of eighteen years, the said Helen Zipse being then and there not the wife of the said Felix Hirsch, then the defendant would be guilty of rape, as charged."

Immediately following the giving of that instruction, the trial court instructed:

"The court instructs you that it is not necessary for the state to prove the exact date alleged in the information. It is sufficient for the state to prove that the crime charged was committed at any date within a period of three years prior to the filing of the information."

But the trial court, notwithstanding the prosecutrix had testified to numerous alleged coitions, refused to give the following instruction requested by appellant:

"You are instructed that the defendant is charged with having committed the offense alleged at or near Grangeville in the County of Idaho, State of Idaho, on or about the 10th day of March, 1941, and the testimony of Helen Zipse with

reference to the commission of any other offenses at other times has been for the purpose only of corroboration and to show the relations and familiarity of the parties.

"So far as the independent acts of intercourse are concerned they cannot be considered by you for any other purpose.

"If you should conclude that the state has failed to prove beyond a reasonable doubt that the defendant Felix Hirsch had intercourse with the said Helen Zipse on or about the 10th day of March, 1941, then it will be your duty to acquit the defendant."

Respondent argues that the first above quoted instruction required the jury to find beyond a reasonable doubt that appellant committed the offense on or about "March 10th, 1941", the date charged in the information; therefore, that the jury could not have been confused as to the particular coition for which defendant was on trial, and, consequently, the refusal to give the above requested instructions was not erroneous. The trouble with that contention is that the trial court, after having given the first above quoted instruction, immediately followed with another instruction (above quoted) expressly instructing the jury that it was "not necessary for the State to prove the exact date alleged in the information"—that it was "sufficient for the State to prove that the crime charged was committed at any date within a period of three years prior to the filing of the information."

It must be kept in mind that appellant was on trial for the alleged commission of statutory rape on or about the 10th day of March, 1941; in other words, that appellant was on trial for but one offense, not numerous offenses. Nevertheless, as above pointed out, the trial court instructed the jury it could convict appellant of any act of coition occurring within a period of three years prior to the filing of the information, which, under the circumstances, amounted to trying appellant on all the acts of coition testified to by the prosecutrix. The State concedes, and correctly so, that "other offenses either before or after the particular offense at issue", "are proven for the purpose of corroboration of the prosecutrix, just as is proof of childbirth."

The trial court having refused to instruct the jury, as requested, that "the commission of any other offenses at other times has been (admitted) for the purpose only of

corroboration and to show the relations and familiarity of the parties", one juror could have found appellant guilty of the commission of statutory rape on or about March 10, 1941, while another juror could have found he was not guilty of having committed the offense on that date, but was guilty of having committed statuory rape on some other date, and so on, thus making it quite impossible to determine whether all twelve jurors actually found appellant guilty of having committed the offense at the time charged in the information. In other words, under the instructions given by the court, above quoted, it cannot be determined that all twelve jurors found appellant guilty of the particular offense for which he was on trial.

Discussing the character and nature of the offense of statutory rape in the early case of *State v. Baker*, 6 Ida. 496, 498, 56 Pac. 81, and again in *State v. Jones*, 62 Ida. 552, 113 Pac. (2d) 1106, 1111, we quoted with approval the following remarks made by Sir Matthew Hale:

"It is an accusation easy to make and hard to be proved and still harder to be defended by the party accused though ever so innocent."

And then this court said:

"It seems a strange thing to say, but our experience almost compels us to the belief that the more monstrous the crime charged, the more readily are juries inclined to give credence to it, and the less proof is required to establish it."

Furthermore, in the case at bar, the trial court did not give the usual instruction strongly recommended and urged in the somewhat recent case of *State v. Jones*, supra (also a statutory rape case, decided in May, 1941), to the effect "that all instructions given should be read and construed together; that no one of them states all of the law of the case or states the law completely as to the whole case, but that all of them when taken together state the law which governs the case and which is to be applied to the facts, as the jury may determine the facts to be, and which must guide them in their deliberation in arriving at a verdict."

The rejection of the requested instruction (deemed excepted to by section 7-502, I.C.A.) so clearly and urgently demanded by the evidence in this case, as well as by the above quoted instructions given by the trial court, together

with the failure of the court to give the requested instruction in substance, compel a reversal of the judgment of conviction.

Upon the re-trial of the case the court should instruct the jury, in substance: That the defendant is charged with having committed the crime of statutory rape in the County of Idaho, State of Idaho, on or about the 10th day of March, 1941; that the testimony of the prosecutrix, with reference to other alleged acts of sexual intercourse, has been admitted in evidence for the purpose only of corroborating the prosecutrix and to show the relations and familiarity of the parties; and that other independent acts of sexual intercourse testified to by the prosecutrix cannot be considered for any other purpose.

The judgment is reversed and the cause remanded with directions to grant a new trial.

Morgan, J., and Ailshie, J., concur.

Givens, C. J., dissents.

BUDGE, J., dissenting.—There was no brief filed by or on behalf of appellant. Therefore, no assignments of error are before this court for consideration. (*Thomas v. Union Sav. Etc., Co.*, 38 Ida. 247, 221 Pac. 132; *Rosa v. Devingenzo*, 53 Ida. 213, 24 Pac. (2d) 1051; *Bicandi v. Boise Payette Lbr. Co.*, 55 Ida. 543, 44 Pac. (2d) 1103.)

The refused instruction does not correctly state the law and was properly refused. Furthermore the refused instruction is fully covered in the instructions given by the court of its own motion. Conceding that the refused instruction is in part correct and in part erroneous, the erroneous matter is so mixed with that which is law that the whole taken together is so misleading and confusing as to mislead the jury. In such circumstances, it was the duty of the court to refuse to give the instruction. (*State v. Van Vlack*, 57 Ida. 316, 355, 65 Pac. (2d) 736; *People v. Buchanan*, 1 Ida. 681.) If there should be a retrial, it does not necessarily follow that the proposed instruction set out in the majority opinion should be given. The evidence may not warrant the giving of said proposed instruction upon the retrial.

The fact that the trial court did not give the usual stock instruction, namely, "that all instructions given should be read and construed together; that no one of them states

all of the law of the case or states the law completely as to the whole case, but that all of them when taken together state the law which governs the case and which is to be applied to the facts, as the jury may determine the facts to be, and which must guide them in their deliberation in arriving at a verdict," did not constitute prejudicial error that would warrant a reversal, since appellant did not request that such an instruction be given. It is a well settled rule in this state that an omission to charge on a particular point cannot be assigned as error where no instruction on the point is requested by appellant. (*State v. Knudtson*, 11 Ida. 524, 83 Pac. 226; *State v. Harness*, 10 Ida. 18, 76 Pac. 788; *State v. McAvoy*, 57 Or. 1, 109 Pac. 763; *People v. White*, 5 Cal. App. 329, 90 Pac. 471; *Robinson v. Territory*, 16 Okl. 241, 85 Pac. 451; *Mow v People*, 31 Colo. 351, 72 Pac. 1069.) Furthermore the import of the refused instruction was given in the Court's instructions wherein the Court uses the following language: "You are to be governed by the law as given to you by the court *in these instructions* * * *." (Italics ours.) The court's instructions were eminently fair and favorable to appellant.

While it is true that ordinarily the accusation herein is easy to make, hard to prove and still harder to defend, the facts of the instant case are clear.

The judgment should be affirmed.