James GABLE, Petitioner-Appellant,

v.

Raymond D. MASSEY, Superintendent, Union Correctional Institution, Respondent-Appellee.

No. 76–4191.

United States Court of Appeals, Fifth Circuit.

Jan. 16, 1978.

---

Franklyn Louderback, St. Petersburg, Fla. (Court-appointed), for petitioner-appellant.

Robert L. Shevin, Atty. Gen., Tallahassee, Fla., Charles Corces, Jr., Asst. Atty. Gen., Tampa, Fla., for respondent-appellee.

Before THORNBERRY, GODBOLD and FAY, Circuit Judges.

FAY, Circuit Judge:

Petitioner, James Gable, has appealed the district court's denial of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. He raises the following two points on appeal: (1) whether the charge that he "did handle, fondle or make an assault upon one Ollie Mae Foreman, a female under the age of 14 years, in a lewd, lascivious or indecent manner" under Florida Statute § 800.04 is unconstitutionally vague and overbroad and (2) whether he was deprived of his right to a speedy trial under the Sixth Amendment or due process under the Fifth and Fourteenth Amendments to the United States Constitution. We affirm the district court's decision.

On February 12, 1973, Gable was charged by the State of Florida, with violation of the first clause of Florida Statute § 800.04.[1] Gable thereafter entered a plea of nolo contendere to the charge and after a presentence investigation was sentenced to a term of ten years in the state prison. Petitioner appealed the judgment and sentence to the Florida District Court of Appeal, Second District, and on February 13, 1974, that court remanded the cause back to the trial court for further compliance with the mandatory provisions of Florida Statute § 801.051.[2] This statute provides that when

---

1. Fla. Statute § 800.04, since amended, read as follows at the time of petitioner's arrest (the amended statute did not change the terminology objected to by petitioner):

    "Any person who shall handle, fondle, or make an assault upon any male or female child under the age of fourteen years in a lewd, lascivious or indecent manner, or who shall knowingly commit any lewd or lascivious act in the presence of such child, without

    intent to commit rape where such child is female, shall be guilty of a felony of the second degree, punishable as provided in § 775.082, § 775.083, or § 775.084."

2. Fla.Stat. § 801.051.

    "Court to order examinations; designate psychiatrists.—When a person has been convicted of an offense within the meaning of this chapter, the trial judge shall then appoint not

a person has been convicted under Florida Statute § 800.04 the trial court shall appoint not less than two nor more than three psychiatrists to examine the defendant and shall not proceed under the provisions of the statute until each of those psychiatrists files a separate written report of the results of his examination. After complying with these requirements the trial judge may then sentence a defendant under Florida Statute § 801.091.[3]

The mandate of Florida's District Court of Appeal was filed with the trial court on March 5, 1974. On June 10, 1974, the appellant filed a pro se Motion for Discharge in the trial court. The motion was denied on June 12, 1974, and appellant was ordered returned to Polk County, Florida, for psychiatric evaluation pursuant to the appellate court's mandate. From March 5, 1974, until June 12, 1974, was a delay of 118 days. Thereafter, two psychiatrists submitted written reports pursuant to the trial court's order for mental examination. On August 29, 1974, appellant was again sentenced to a ten-year term.

There is a serious question concerning whether a nolo contendere plea waives the right to later challenge the constitutionality of a statute through a federal habeas petition. We have some doubt about the law in Florida. However, because we agree on the disposition of this case on the merits[4] we are not going to consider the waiver issue nor do we find it necessary to certify that question to the Supreme Court of Florida. *See State of Florida ex rel. Shevin v. Exxon Corporation,* 526 F.2d 266, 275 (5th Cir. 1976), *cert. denied,* 425 U.S. 930, 96 S.Ct. 1659, 48 L.Ed.2d 172 (1976).

## CONSTITUTIONALITY

Gable contends Florida Statute § 800.04 is so vague and overbroad that it violates his right to due process under the Fifth and Fourteenth Amendments of the United States Constitution. The particular terms of the statute attacked are "lewd, lascivious or indecent manner" and the second reference to the commission of "any lewd or lascivious" act.

In 1971, the Florida Supreme Court considered the question of vagueness of Florida Statute § 800.04, and in particular the second reference in the statute to "lewd or lascivious" acts, in *Chesebrough v. State,* 255 So.2d 675 (Fla.1971). Because appellant was not charged under the second clause we find it unnecessary to reach appellant's attack upon it.

Gable also challenges the constitutionality of the first clause of the Florida Statute under which Gable was charged and convicted. Stated again it provides:

Any person who shall handle, fondle, or make an assault upon any male or female child under the age of fourteen years in a lewd, lascivious or indecent manner . . .

less than two nor more than three qualified psychiatrists who are licensed physicians in the state and who have directed their professional practice primarily to the diagnosis and treatment of mental and nervous disorders for a period of not less than 5 years to make a personal examination of the person so convicted. The court shall not proceed under the provisions of this chapter until each psychiatrist so appointed shall have filed a separate written report of the result of his examination."

3. Fla.Stat. § 801.091.
"Powers and duties of the judge after conviction; furnishing copies of reports.—
(1) When any person who is determined not to be psychotic has been convicted of an offense within the meaning of this chapter, it shall be within the power and jurisdiction of the trial judge to: (a) Sentence said person pursuant to the provisions applicable to the crime of which he was convicted. (b) Defer or withhold imposition of sentence and instead commit such person to the custody of the department for an unspecified length of time for treatment and rehabilitation in the center or such other facility as may be designated by the department. The Division of Mental Health will receive persons committed under this act until such time as the treatment center is established.
(2) In the event said person is committed to the custody of the department under subsection (1)(b), the court shall direct the clerk to transmit certified copies of examiners' reports in duplicate to the department."

4. That is, the question of constitutionality of Fla.Stat. 800.04.

We find this clause, when taken in context, not so vague as to be unconstitutional.[5]

The United States Supreme Court has held:

> The constitutional requirement of definiteness is violated by a criminal statute that fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute. The underlying principle is that no man shall be held criminally responsible for conduct which he could not reasonably understand to be proscribed. Footnote omitted.

*United States v. Harriss*, 347 U.S. 612, 617, 74 S.Ct. 808, 812, 98 L.Ed. 989 (1953). *See also Papachristou v. City of Jacksonville*, 405 U.S.. 156, 162, 92 S.Ct. 839, 31 L.Ed.2d 110 (1971); *United States v. Hawes*, 529 F.2d 472, 479 (5th Cir. 1976).

█ The challenged clause meets this standard of constitutional definiteness in describing the forbidden conduct. This narrowly constructed clause describes a manner of action in the specific context of handling, fondling or making an assault upon a child of tender years. Surely a person of ordinary intelligence could reasonably be expected to understand what such a clause forbids.

## DELAY

█ Petitioner contends he was deprived of his right to a speedy trial under the Sixth Amendment and/or his right to due process of law under the Fifth and Fourteenth Amendments because the state trial court delayed complying with the appellate court's mandate for 118 days.[6]

Petitioner and the district court cite *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), which provides the denial of the right to speedy trial must be determined on a *ad hoc* basis, weighing four factors: (1) Length of delay; (2) Reason for delay; (3) Defendant's assertion of his right; and (4) Prejudice to the defendant.

Assuming arguendo the speedy trial rights of the Constitution are applicable to this mandate for resentencing we find the petitioner is not entitled to relief under the four factors set forth in *Barker*. The delay here was 118 days (whereas Rule 3.191(g), Florida Rules of Criminal Procedure, allows 90 days for a retrial). The record indicates no apparent reason for the delay. The petitioner did not assert his right until approximately 97 days after the mandate was issued. Petitioner alleges no prejudice caused by the delay and we find none. Since petitioner received the same ten-year sentence with credit for time served, he did not receive one extra day of confinement because of the delay. Weighing these factors we cannot find a deprivation of petitioner's constitutional right.[7]

For the foregoing reasons we affirm the judgment of the district court.

---

5. We are not unmindful of Judge William O. Mehrtens' holding in *Miami Health Studios, Inc. v. City of Miami Beach*, 353 F.Supp. 593 (S.D.Fla.1973), *rev'd on other grounds*, 491 F.2d 98 (5th Cir. 1974), that the term "lewdness" as used in F.S. 796.07 was unconstitutionally vague in violation of petitioner's rights to due process.

6. Petitioner also cites Rule 3.191(g), Florida Rules of Criminal Procedure, as applicable (or analogous) to his situation. Rule 3.191(g) states:

> Effect of Mistrial, Order of New Trial. A person who is to be tried again shall be brought to trial within 90 days from the date of declaration of a mistrial by the trial court, the date of an order by the trial court granting a new trial, the date of an order by the trial court granting a motion in arrest of judgment, or the date of receipt by the trial court of a mandate, order, or notice of whatever form from an appellate or other reviewing court which makes possible a new trial for the defendant, whichever is last in time.

It is clear this rule is only applicable in a situation where a new trial was ordered for a defendant either by the trial court or an appellate court. Petitioner in this case was not given a new trial on appeal. The case was remanded only for a presentence psychiatric examination under the statute.

7. We have great doubt that compliance with sentencing procedures are analogous to time limits for trials or retrials but find it unnecessary to resolve that question today.