685 P.2d 830

The STATE of Idaho,
Plaintiff-Respondent,

v.

Dean Arthur SCHWARTZMILLER,
Defendant-Appellant.

No. 14237.

Supreme Court of Idaho.

July 26, 1984.

Debra Ann Heise, Caldwell, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., and Myrna A.I. Stahman, Deputy Atty. Gen., for plaintiff-respondent.

SHEPARD, Justice.

This is an appeal by Schwartzmiller from his convictions upon three counts of lewd and lascivious conduct with two fourteen year old boys and from the sentences imposed. We affirm.

The acts with which defendant was charged took place in late 1978 with two fourteen year old boys, hereinafter A and B. The defendant evidently frequented a parking lot at a junior high school and a restaurant near the school. While A and his family were at an auto racing meet, the defendant struck up an acquaintance with the family and offered A an opportunity to work on a race car. A was invited to the defendant's house, where they spent time having beer, using marijuana, and later having dinner. Later that evening, defendant took A to his bedroom and performed anal copulation upon A. Approximately one month later, the same sequence of events occurred involving A and the defendant.

B lived with his mother, who was separated from his father, and met the defendant at a pizza parlor during November 1978. Approximately one month later, both A and B, together with A's family, were at the defendant's home for dinner. B remained with the defendant after the others had left and was given five beers. Late in the evening, the defendant took B to a bedroom where he performed masturbation and fellatio upon B, and attempted anal intercourse upon B.

Schwartzmiller was charged with three counts of lewd and lascivious conduct upon a minor child under the age of sixteen years, pursuant to I.C. § 18–6607. Following trial, a verdict of guilty was returned on all three counts, and the defendant was sentenced to a fixed determinate term of ten years on count two; an indeterminate sentence of five years on count three, to run consecutively with the sentence on count two; and an indeterminate period of ten years on count one, to run consecutively with the sentence on count three.

Defendant Schwartzmiller first asserts that the trial court improperly limited the scope of cross-examination, in that under *Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974), it is reversible error to refuse to permit defense counsel to cross-examine the State's key witness about prior juvenile adjudications and probation status. Defendant argues that the constitutional right of confrontation outweighs the State's interests in keeping juvenile proceedings confidential. In *Davis*, the principal witness to a burglary was himself on probation for two burglaries committed while he was a juvenile. The Court there held that, while the juvenile's

adjudication could not be used as a general impeachment of the witness's character as a truthful person, it could be used as "a more particular attack on the witness's credibility ... by means of cross-examination directed toward revealing possible biases, prejudices, or ulterior motives of the witness as they may relate directly to issues or personalities in the case at hand." *Davis, supra,* 415 U.S. at 316, 94 S.Ct. at 1110. However, as Stewart, J., stated in his concurrence, "I would emphasize that the court neither holds nor suggests that the constitution confers a right in every case to impeach the general credibility of a witness through cross-examination about his past delinquency adjudications or criminal convictions." *Id.* at 321, 94 S.Ct. at 1113. As stated in *Chambers v. Mississippi,* 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973), "[T]he right to confront and to cross-examine is not absolute and may, in appropriate cases, bow to accommodate other legitimate interests in the criminal trial process." *Id.,* 410 U.S. at 295, 93 S.Ct. at 1046. Federal Rule of Evidence 609(d) indicates that one of those legitimate interests is the confidentiality of juvenile adjudications. Rule 609(d) provides that juvenile adjudications are generally inadmissible but may be allowed if: (1) the adjudication would be admissible against an adult, and (2) the court is satisfied that admission in evidence is necessary for a fair determination of the issue of guilt or innocence. As stated in *Chipman v. Mercer,* 628 F.2d 528, 531 (9th Cir.1980):

> "*Davis v. Alaska* and our own precedents do not require a trial court to permit the cross-examination on topics of very slight or marginal relevance simply upon the theory that bias or prejudice might be disclosed. Although it tips the scales in favor of permitting cross-examination, the confrontation clause does not prevent the trial court from weighing the offer of proof to determine its probative value to the trier of fact and its probable effect on fair and efficient conduct of the trial."

*Chipman* further states that, while "confrontation clause doctrine appears to require reversal if there is any error ...", [t]he seeming harshness of that rule is diminished, however, because the confrontation clause violation generally does not occur unless the denied area of cross-examination is one of considerable relevance." *Id.,* 628 F.2d at 533.

In the instant case, the evidence of the witnesses' prior adjudications of burglaries had slight, if any, probative value. The defendant fails to show, and we are not persuaded, that those adjudications of burglaries provided any motive for the witnesses to perjure themselves in this lewd and lascivious conduct trial. We hold therefore that the exclusion of the evidence of the juvenile adjudications was not error. *Hughes v. Raines,* 641 F.2d 790 (9th Cir. 1981); *Owens v. State,* 96 Nev. 880, 620 P.2d 1236 (1980).

■ Appellant next asserts that the trial court erred in excluding evidence that one of the boys had at a previous time falsely charged another person with having committed similar sex acts. We find no error in this regard. The only basis for that assertion of a false charge lies in the fact that another person was charged, tried, and found not guilty. A not guilty verdict, standing by itself, can never be taken to establish that the charges brought were based on false accusations, since one may not be convicted of a crime unless a jury finds beyond a reasonable doubt the guilt of the defendant. As stated in *Little v. State,* 413 N.E.2d 639, 643 (Ind.App.1980), "We believe that evidence of false accusations of similar sexual misconduct is admissible on the issue of the victim's credibility. The allegations, however, must be demonstrably false." *See also Hughes v. Raines, supra.* Appellant failed to demonstrate to the trial court or to this Court that the witness' previous allegations of sexual misconduct against another were false. The exclusion of that line of testimony was not error.

■ Although appellant argues that the counts against him were improperly joined, Idaho Criminal Rule 8(a) states that two or

more offenses may be charged on the same complaint if the offenses are based on "two or more acts or transactions connected together or constituting parts of a common scheme or plan." Here the facts demonstrate a common plan, in that Schwartzmiller frequents areas where young boys may be found, befriends boys with no father figure in the home, entices them from their homes, lowers their natural inhibitions through the use of drugs and alcohol, and commits sex acts upon them. We find no error in the joining of the offenses.

■ Appellant next argues that the trial court improperly instructed the jury as to the testimony of the two witnesses corroborating each other. We find no error. We have held that "evidence of other crimes by the defendant is admissible when relevant to ... a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of the one tends to establish the other, the identity of the person charged with the commission of the crime on trial, and other similar issues." *State v. Wrenn,* 99 Idaho 506, 584 P.2d 1231 (1978). Evidence of similar acts of sexual misconduct between a defendant and the victim or between the defendant and another witness is admissible for corroboration of the victim's testimony in sex crime cases. *See State v. Elsen,* 68 Idaho 50, 187 P.2d 976 (1947); *State v. Hirsch,* 64 Idaho 20, 127 P.2d 764 (1942); *State v. Shelton,* 46 Idaho 423, 267 P. 950 (1928).

■ Appellant next asserts that Idaho's lewd and lascivious conduct statute violates the eighth amendment prescription against cruel and unusual punishment, in that it allows for a maximum punishment of life imprisonment. We disagree. We first note that the appellant in this case did not receive the maximum penalty allowed under I.C. § 18–6607. Where the sentence is within statutory limits, the appellant has the burden of showing a clear abuse of discretion in the court's imposing the sentence. *State v. Stroup,* 101 Idaho 54, 607 P.2d 1328 (1980); *State v. Wilson,* 100 Idaho 725, 604 P.2d 739 (1979); *State v. Dillon,* 100 Idaho 723, 604 P.2d 737 (1979);

*State v. Wolfe,* 99 Idaho 382, 582 P.2d 728 (1978); *State v. Reese,* 98 Idaho 347, 563 P.2d 405 (1977). In *State v. Reese, supra,* we upheld a fifteen year sentence for one count of lewd and lascivious conduct, where the trial judge found that Reese was potentially dangerous, particularly to young people. *Rummel v. Estelle,* 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980), a leading eighth amendment case, held that the state has a valid interest in segregating those who demonstrate a criminal propensity, those who pose a danger to society, and those who have shown that incarceration does not deter their criminal conduct. In the instant case, the sentencing judge characterized Schwartzmiller as an intelligent individual who uses his intelligence to take advantage of the weak and oppressed and those who are in need. The facts in this case indicate that the appellant is a repeat offender and that he has previously fled Alaska to avoid a similar charge. We find no abuse of discretion in the sentence imposed upon the appellant.

■ Appellant next asserts that I.C. § 18–6607, under which he was convicted, is unconstitutional, in that the terms "lewd" and "lascivious" are too vague to give one notice of what conduct is thereby proscribed. In our recent decision in *State v. Harmon,* 106 Idaho 73, 685 P.2d 814 (1984), we stated:

"Viewed against this standard, we conclude once again that the phrase 'lewd or lascivious act or acts upon or with the body or any part or any member thereof of a minor child under the age of sixteen years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires ...' is not facially vague and is sufficiently definite to give fair warning to the people of Idaho as to what acts are prescribed, without including an exhaustive list of detailed deviant bodily contexts and/or exhibitions which one might imagine."

*See United States v. Reidel,* 402 U.S. 351, 91 S.Ct. 1410, 28 L.Ed.2d 813 (1971) and *Roth v. United States,* 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957), both hold-

ing that the terms "lewd" and "lascivious" contained in obscenity statutes are not unconstitutionally vague. *See also Gable v. Massey*, 566 F.2d 459 (5th Cir.1978); *Smith v. United States*, 505 F.2d 824 (6th Cir. 1974); *United States v. Hamling*, 481 F.2d 307 (9th Cir.1973); *State v. Madrid*, 74 Idaho 200, 259 P.2d 1044 (1953); *State v. Wall*, 73 Idaho 142, 248 P.2d 222 (1973); *State v. Shannon*, 95 Idaho 299, 507 P.2d 808 (1973); *State v. Wall*, 73 Idaho 142, 248 P.2d 222 (1952).

Appellant next asserts that the jury was improperly allowed to consider other crimes as lesser included offenses, specifically, assault with intent to commit lewd and lascivious conduct, the infamous crime against nature, assault with intent to commit the infamous crime against nature, assault, and battery. An included offense is one which is necessarily committed in the perpetration of another offense; or one, the essential elements of which are charged in the information as the manner or means by which the offense is committed. *State v. McCormick*, 100 Idaho 111, 594 P.2d 149 (1979); *State v. Hall*, 86 Idaho 63, 383 P.2d 602 (1963). An infamous crime against nature committed with a person under the age of sixteen is proscribed by I.C. § 18–6605 as a "lewd or lascivious" act. *State v. Wall, supra*. We find no error in the infamous crime against nature included-offense instruction.

Likewise, we find no prejudicial error in the court's delineating assault or battery as included offenses. Had the physical contact been without the consent of either of the boys involved, assault and/or battery could properly have been found. Instruction 16, however, indicated that the consent of the boys is immaterial and to that extent that instruction was erroneous. If appellant had been convicted of the lesser included offenses of assault or battery, that instruction would have necessitated a reversal, but since he was convicted of lewd or lascivious conduct, for which consent is no defense, the error was harmless. Also, the instructions regarding the

remaining included offenses were not erroneous.

We have considered appellant's remaining assertions of error and do not find them to be meritorious.

The judgment of conviction and sentences imposed thereon are affirmed.

DONALDSON, C.J., and BAKES, J., concur.

BISTLINE, Justice, concurring in part and dissenting, with whom HUNTLEY, Justice, joins:

### I.

Under the "teachings" of the majority opinion in *State of Idaho v. Harmon*, 106 Idaho 73, 685 P.2d 814 (1984), it remains the law in Idaho that antiquated and poorly worded statutes criminalizing certain sexual acts adequately forewarn the people of this state—*not* because the statute itself is sufficient, but because a variety of 3–2 opinions of the Idaho Supreme Court issued over 30 years supplied the deficiencies. This is patently absurd and is even more ridiculous than the adage that everyone is chargeable with knowledge of statutory law. It is now, with today's opinion, abundantly clear that this Court, as presently constituted, is not in the least inclined to involve itself where such legislation is involved, no matter how compelling the necessity for doing so, and notwithstanding the views of the well respected United States District Court for the District of Idaho, which dared to tread where this Court does not. *See*, dissenting opinion of Bistline, J., in *State v. Harmon, supra*, where the observation was made that this Court has steadfastly refused to re-examine the validity of those 1952 cases, which are cited therein.

### II.

In *Schwartzmiller v. Winters*, 99 Idaho 18, 576 P.2d 1052 (1978), Justice Shepard, writing for a unanimous Court, overturned the defendant's conviction because the prosecution had withheld from defense

counsel information which tended to show that the complaining witness was untruthful. Thus it was the view of this Court that the due process clauses of the Idaho Constitution, art. I, § 13, and of the United States Constitution, "do at least ensure that criminal trials shall be fundamentally fair." 99 Idaho at 19, 576 P.2d at 1053.

The opinion went on to add:

The credibility of the alleged victim from the preliminary hearing through the trial was the determining factor in the innocence or guilt of the accused. The fact that the alleged victim had committed perjury and had suborned the commission of perjury might tend to negate the guilt of the accused by increasing the likelihood that the alleged victim's entire charge was a fabrication.

99 Idaho at 20, 576 P.2d at 1053.

Now, six scant years later, the Court's opinion disposes of claimed error in excluding evidence of falsity on the part of one of the victim-witnesses by observing only that "The exclusion of that line of testimony was not error" because "appellant failed to demonstrate ... that the witness's previous allegations of sexual misconduct against another were false." This is simply putting the cart before the horse. The jury, had it heard the proffered evidence, might have concluded "that the alleged victim's entire charge was a fabrication." 99 Idaho at 20, 576 P.2d at 1053. And, true, it might not have, but the defendant would have had the fundamentally fair trial alluded to in our 1978 *Schwartzmiller* opinion. The fact of an acquittal, conceded in the majority opinion, for certain, presents a prima facie case of the "demonstrably false" criterion of the Indiana case cited and quoted in the majority opinion. It was for the jury in the first instance, not this Court, to decide whether the defendant had sufficiently shown the witness's lack of credibility.

If there is any distinction to be found in the Court's holding today, compared to what we said six years ago, it is that a defendant may not attempt to impeach a witness's credibility other than by offering proof that the witness has admitted to lying.

### III.

The charges here were allegations of two separate and distinct crimes against two different individuals. The circumstances of the respective crimes were as much alike as say, burglarizing a grocery store in Lewiston in June, and another store in Grangeville a month later. I suppose it could be said of the latter case that the mere fact that a person makes his living by burglarizing, ensures, without more, the existence of the "common plan or scheme" which the majority so readily declares to link these two separate crimes. In any event, however, the prejudicial impact of such a joinder upon a jury is so obvious as to require absolutely no further comment, other than to draw attention to *State of Idaho v. Abel,* 104 Idaho 865, 664 P.2d 772 (1983).

### IV.

Having by *ipse dixit* declared that the two crimes were but "parts of a common scheme or plan," the majority, with even greater ease, disposes of claimed error in instructing the jury as to the testimony of the two witnesses corroborating each other. This, too, is reminiscent of the Court's opinion in *State v. Abel, supra,* and again is a judicial philosophy entirely repugnant to the Court's promise of a fundamentally fair trial.