IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 45608

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: April 29, 2019 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) |
| STEVEN MICHAEL CHAMBERS, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Scott Wayman, District Judge.

Judgment of conviction for battery with intent to commit a serious felony, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Lara E. Anderson, Deputy Appellate Public Defender, Boise, for appellant. Lara E. Anderson argued.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent. Mark W. Olson argued.

_____

LORELLO, Judge

Steven Michael Chambers appeals from his judgment of conviction for battery with intent to commit a serious felony. Chambers argues that the district court erred by excluding evidence under I.R.E. 412. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

The State charged Chambers with rape after the victim reported to police that Chambers had forcible sexual intercourse with her. Chambers filed a motion pursuant to I.R.E. 412, requesting permission to introduce evidence that the victim made a "false allegation of rape" against a different individual approximately six months after the alleged rape by Chambers. The State objected to the admission of such evidence. The district court held that the evidence was

1

inadmissible under I.R.E. 412 and under I.R.E. 403. Chambers subsequently entered an *Alford*[1] plea to an amended charge of battery with the intent to commit a serious felony, reserving his right to appeal the district court's ruling on his I.R.E. 412 motion. Chambers appeals.

## II.

## STANDARD OF REVIEW

The interpretation of a court rule is subject to de novo review. *See State v. Montgomery*, 163 Idaho 40, 42-43, 408 P.3d 38, 40-41 (2017). A trial court's determination that evidence is relevant is also reviewed de novo, but a trial court's determination under I.R.E. 403 is reviewed for an abuse of discretion. *State v. Kopsa*, 126 Idaho 512, 520-521, 887 P.2d 57, 65-66 (Ct. App. 1994). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Chambers contends the district court abused its discretion by "misapplying [I.R.E.] 412, and the Idaho Rules of Evidence as a whole, to the proffered false rape allegation evidence" when it concluded that I.R.E. 412 required the false allegation to precede the act underlying the offense charged in this case.[2] Chambers also contends that the district court abused its discretion

_____

[1] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

[2] Chambers also presents a separate argument that the district court erred in excluding evidence of the victim's alleged false allegation and "the facts attendant to the claim because it is not the type of evidence that falls within [I.R.E.] 412." This argument is not only inconsistent with Chambers' claim that the evidence should have been admitted under I.R.E. 412, it is unpreserved. We reject Chambers' attempt to expand the scope of his I.R.E. 412 motion to include admissibility under other rules of evidence. Chambers' motion expressly sought admission of the alleged false allegation pursuant to I.R.E. 412. At the hearing on his motion, although Chambers characterized I.R.E. 412 as a "specialized [I.R.E.] 404(a) or 404(b)," he never sought admission of the evidence outlined in his I.R.E. 412 motion under any other rule of evidence. Chambers' argument on appeal that the evidence should have been admitted pursuant

in excluding the evidence under I.R.E. 403 and in "failing to consider the effect the exclusion of the evidence would have" on his constitutional right to present a defense. The State responds that the district court correctly interpreted I.R.E. 412's temporal requirement and that, even if the district court's interpretation of I.R.E. 412 was incorrect, the proffered evidence was properly excluded under I.R.E. 403. The State also contends that Chambers' constitutional claim is not preserved. We hold that although the district court erred in its interpretation of I.R.E. 412, it did not err in excluding the evidence Chambers sought to admit pursuant to that rule.

## A.      Admissibility Under Idaho Rule of Evidence 412

Interpretation of a court rule must begin with the plain, ordinary meaning of the language used in the rule. However, interpretation of the rule's language may be tempered by the purpose of the rule. *Montgomery*, 163 Idaho at 44, 408 P.3d at 42. This Court will not interpret a rule in a way that would produce an absurd result. *Id.* Instead, the Idaho Rules of Evidence are to be construed in a manner consistent with administering every proceeding fairly, eliminating unjustifiable expense and delay, promoting the development of evidence law, ascertaining the truth, and securing a just determination. I.R.E. 102; *see Montgomery*, 163 Idaho at 44, 408 P.3d at 42.

Idaho Rule of Evidence 412 governs the admissibility of evidence related to the "past sexual behavior" of a victim in cases where the defendant is charged with a sex crime. The 2017 version of I.R.E. 412 controls the issue in this case.[3] The relevant part of the rule at the time provided that (notwithstanding any other provision of law) in a criminal case in which a person is accused of a sex crime, evidence of a victim's past sexual behavior, other than reputation or

to a rule other than the one he expressly identified below is not preserved and will not be considered. *See State v. Garcia-Rodriguez*, 162 Idaho 271, 275, 396 P.3d 700, 704 (2017) (holding that appellate court review is limited to the evidence, theories, and arguments that were presented below); *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992) (noting that issues not raised below may not be considered for the first time on appeal).

[3]      Idaho Rule of Evidence 412 (and most other rules of evidence) was amended effective July 1, 2018, for the purpose of simplifying, clarifying, and modernizing the language of the rules.

opinion evidence, is not admissible. I.R.E. 412(b). The rationale underlying the prohibition on such evidence has been explained as protecting rape victims against unwarranted invasions of privacy and harassment regarding their sexual conduct. *State v. Ozuna*, 155 Idaho 697, 702, 316 P.3d 109, 114 (Ct. App. 2013); *see Michigan v. Lucas*, 500 U.S. 145, 149-50 (1991); *Delaware v. VanArsdall*, 475 U.S. 673, 679 (1986). The rule, however, provided four exceptions to this general limitation. I.R.E. 412(b)(2). These exceptions included:

> (A)    past sexual behavior with persons other than the accused, offered by the accused upon the issue of whether the accused was or was not, with respect to the alleged victim, the source of semen or injury; or
> (B)    past sexual behavior with the accused and is offered by the accused upon the issue of whether the alleged victim consented to the sexual behavior with respect to which the sex crime is alleged; or
> (C)    false allegations of sex crimes made at an earlier time[4]; or
> (D)    sexual behavior with parties other than the accused which occurred at the time of the event giving rise to the sex crime charged.

These exceptions reflect a determination that, despite the general prohibition against evidence of past sexual behavior, certain evidence relating to sexual behavior may be appropriate for the fact-finder to consider in ascertaining the truth and securing a just determination in a case involving an alleged sex crime. *See* I.R.E. 102. The exception set forth in I.R.E. 412(b)(1)(C) was added in 1987 along with exception (D). The minutes of the Evidence Rules Committee meeting associated with the amendment indicate that the exceptions were based on the Model Rule. The "Model Rule" referenced in the committee minutes presumably refers to the Uniform Rules of Evidence, which were originally produced by the Uniform Law Commission in 1974.[5] Uniform Rule 412, on which the amendment appears to be based, was added in 1986 (the year before I.R.E. 412 was amended). Uniform Rule 412 (1986) was titled "Sexual Behavior" and reads:

---

[4]    This exception now reads: "*an alleged victim's prior* false allegations of sex crimes made at an earlier time." (Emphasis added.)

[5]    "Model Rule" does not refer to the federal rules because Federal Rule of Evidence 412 does not contain the exception set forth in I.R.E. 412(b)(1)(C) (or the exception set forth in I.R.E. 412(b)(1)(D)). In fact, the advisory committee's notes from the 1994 amendments to F.R.E. 412 state: "Evidence offered to prove allegedly false prior claims by the victim is not barred by Rule 412. However, the evidence is subject to the requirements of Rule 404."

(a) When inadmissible. In a criminal case in which a person is accused of a sexual offense against another person, the following is not admissible:

(1) Reputation or opinion. Evidence of reputation or opinion regarding other sexual behavior of a victim of the sexual offense alleged.

(2) Specific instances. Evidence of specific instances of sexual behavior of an alleged victim with persons other than the accused offered on the issue of whether the alleged victim consented to the sexual behavior with respect to the sexual offense alleged.

(b) Exceptions. This rule does not require the exclusion of evidence of (i) specific instances of sexual behavior if offered for a purpose other than the issue of consent, including proof of the source of semen, pregnancy, disease, injury, mistake, or the intent of the accused; (ii) *false allegations of sexual offenses*; or (iii) sexual behavior with persons other than the accused which occurs at the time of the event giving rise to the sexual offense alleged.

The comments to Uniform Rule 412 note that, with respect to evidence governed by the rule, "[i]t matters not that the sexual behavior took place after the alleged offense but before trial rather than before the alleged offense."

In this case, Chambers sought to introduce evidence pursuant to exception (C) that the same victim who alleged Chambers raped her, falsely reported a different individual raped her approximately six months later. The parties dispute the meaning of the "at an earlier time" language in exception (C) as it relates to this alleged false allegation and have proffered two reasonable interpretations of that phrase. Therefore, we must resolve the ambiguity in I.R.E. 412(b)(2)(C). *See City of Idaho Falls v. H-K Contractors, Inc.*, 163 Idaho 579, 582-83, 416 P.3d 951, 954-55 (2018) (finding that, because there were at least two reasonable interpretations of a term in a statute, the statute was ambiguous and it was appropriate to consider rules of statutory construction to ascertain the intent of the rule).

Chambers contends that the phrase means any time prior to trial, while the State contends that the phrase means a time prior to the conduct underlying the charged offense. Both arguments have some merit. Chambers' contention is consistent with a plain reading of the language in that, without an express limitation on timing, "at an earlier time" could simply mean earlier than when the evidence is offered. Such an interpretation is also not foreclosed by the timing provisions that are set forth in I.R.E. 412(c), which states, in pertinent part:

(1) If the person accused of committing a sex crime intends to offer under subdivision (b) evidence of specific instances of the alleged victim's past

5

sexual behavior, the accused shall make a written motion to offer such evidence not later than five days before the date on which the trial in which such evidence is to be offered is scheduled to begin, except that the court may allow the motion to be made at a later date, including during trial, if the court determines either that the evidence is newly discovered and could not have been obtained earlier through the exercise of due diligence or that the issue to which such evidence relates has newly arisen in the case.

Because the rule allows a motion to introduce I.R.E. 412(b)(2) evidence to be made up to five days before trial, and in some cases during trial, an allegedly false accusation occurring after the conduct underlying the charged offense could be filed in accordance with the requirements of I.R.E. 412(c)(1).

The State contends that Chambers' interpretation deprives the phrase "at an earlier time" of any meaning because the rule could accomplish the same result if the phrase were not included. For example, Arizona and Oklahoma allow for the admission of evidence of false allegations of sexual misconduct/sexual offenses without any reference to time. *See* Ariz. Rev. Stat. Ann. § 13-1421(A)(5) (1998) ("Evidence of false allegations of sexual misconduct made by the victim against others" is admissible if the evidence is relevant and the prejudicial nature of the evidence does not outweigh its probative value.); Okla. Stat. Ann. tit. 12, § 2412(B)(2) (1993) ("False allegations of sexual offenses" are not subject to exclusion under this rule.).

Idaho's Rule 412(b)(1)(C) could have been drafted similarly by excluding the "at an earlier time" phrase and simply stating the exception as "false allegations of sex crimes." However, the inclusion of "at an earlier time" does not necessarily lead to the interpretation advanced by the State. Although we recognize that the State's interpretation would make exception (C) consistent with the other exceptions listed in I.R.E. 412(b)(2) in that those exceptions contemplate prior or contemporaneous conduct, there is no basis for limiting admissibility of false allegations of sex crimes to allegations occurring only prior to the conduct underlying the charged offense. False allegations made after the charged conduct may be as relevant to ascertaining the truth and securing a just determination in a case as false allegations made prior to the charged conduct. Moreover, this interpretation is consistent with the comments to Uniform Rule 412, on which the amendment to I.R.E. 412 was based, which state: "It matters not that the sexual behavior took place after the alleged offense but before trial rather than before the alleged offense." Thus, we hold that the district court erred in interpreting

6

I.R.E. 412(b)(1)(C) to include a temporal requirement precluding alleged false allegations made after the charged conduct.

We next address the admissibility of the allegedly false allegations. Under the plain language of I.R.E. 412(b)(2)(C), the predicate to admissibility of evidence of a false allegation is that the allegation was actually false.[6] *See State v. Perry*, 150 Idaho 209, 218, 245 P.3d 961, 970 (2010) (noting but not addressing whether the victim's partial retraction of her allegations constituted a "false allegation" under I.R.E. 412(b)(2)(C) because the allegation did not involve a sex crime); *State v. Schwartzmiller*, 107 Idaho 89, 92, 685 P.2d 830, 833 (1984) (affirming exclusion of testimony regarding witness's previous allegations of sexual misconduct because defendant failed to demonstrate the allegations were false). The admissibility of I.R.E. 412 evidence is determined solely from the basis of the I.R.E. 412 hearing. *Perry*, 150 Idaho at 216, 245 P.3d at 968; *see also State v. MacDonald*, 131 Idaho 367, 370, 956 P.2d 1314, 1317 (Ct. App. 1998) (noting that a complete review of evidence offered in support of I.R.E. 412 motion is proper when evaluating I.R.E. 412 ruling). We therefore consider the evidence Chambers presented in support of his motion.

Chambers' motion was accompanied by a written offer of proof as required by I.R.E. 412(c)(1)-(2). The motion specifically requested "evidence of the complaining witness's false allegation of rape described in Coeur d'Alene Police report 16C39767[7], reported on December 10, 2016, to be admitted at trial." The referenced police reports were attached to the motion. The police reports reflect that the victim reported a second rape approximately six

---

[6]    Courts in other jurisdictions have likewise held that falsity is a prerequisite to admissibility in relation to prior allegations of sex crimes. *See, e.g.*, *Johnson v. State*, 889 P.2d 1076, 1078 (Alaska Ct. App. 1995); *People v. Roberts*, 738 P.2d 380, 383 (Colo. Ct. App. 1986); *People v. Alexander*, 452 N.E.2d 591, 595 (Ill. App. Ct. 1983); *State v. Frith*, 747 So. 2d 1269, 1274 (La. Ct. App. 1999); *People v. Garvie*, 384 N.W.2d 796, 798 (Mich. Ct. App. 1986); *State v. Goldenstein*, 505 N.W.2d 332, 340 (Minn. Ct. App. 1993); *Roberson v. State*, 61 So. 3d 204, 223-24 (Miss. Ct. App. 2010); *Brown v. State*, 807 P.2d 1379, 1380-81 (Nev. 1991); *State v. Guenther*, 854 A.2d 308, 324 (N.J. 2004); *State v. LeClair*, 730 P.2d 609, 615 (Or. Ct. App. 1986); *Lopez v. State*, 18 S.W.3d 220, 225 (Texas Crim. App. 2000); *State v. Ross*, 568 A.2d 335, 341 (Vt. 1989); *State v. Demos*, 619 P.2d 968, 970 (Wash. 1980).

[7]    The number 16C39767 actually refers to the assigned incident number. Chambers submitted four separate reports related to that incident number with his I.R.E. 412 motion.

7

months after the reported rape involving Chambers. The alleged perpetrator in the second rape was K.C. The victim told law enforcement that she woke up to K.C. raping her while she was at his trailer and that, when K.C. was "finished," the victim "fled the trailer" and notified a friend who transported her to a medical center. Law enforcement interviewed the victim at the hospital where she relayed the details of the alleged rape, stated she wanted to "press charges," signed a medical release, and "agreed to a SANE examination." When law enforcement contacted K.C., he denied the allegations, "stated they had been having sex every night for the past four nights," and that they had consensual sex that day. K.C. showed the officers "various text messages and pictures" from his phone that the victim had sent K.C. over the prior four days, many of which "contained naked pictures and were of a sexual nature." The victim, however, had deleted all of the text messages from her phone that she had exchanged with K.C.

Law enforcement also interviewed a resident of the trailer park in which K.C. lived. That resident told law enforcement she believed the victim and K.C. "to be in a dating relationship" and that she had "seen them together." An investigation of K.C.'s trailer revealed that items belonging to the victim were in K.C.'s residence. The report states that after speaking with K.C. and K.C.'s neighbor and taking pictures at K.C.'s residence, law enforcement "returned to the hospital to contact [the victim] about what [they] had learned from [K.C.]." The victim denied she was in a relationship with K.C. and said she "deleted the text messages between herself and [K.C.] because they 'triggered' her." The report concluded:

> [The victim] appeared angry and had an attitude when we went back to speak to her. She claimed she had not had sex with [K.C.] on a prior occasion.
>
> Based on my preliminary investigation, it appears [the victim] was reluctant to tell the truth in regards to the events that occurred. It seems as though [the victim] and [K.C.] had a previous sexual relationship and that she had attempted to delete the texts to prevent Officers from seeing that she had been sending [K.C.] messages of a sexual nature.
>
> I uploaded the pictures into Viper. A SANE Exam was performed at [a medical center] and later picked up by CDAPD Officers and booked into evidence. The SANE kit was later submitted to the lab as evidence.

A second police report submitted with Chambers' motion contained similar information regarding K.C.'s version of events and indicated that K.C. requested a polygraph "to clear his name." K.C. "said he is doing really good since getting out of prison and does not want to go back." The second report concluded: "[K.C.] was very cooperative in this matter. Based on the

8

information provided by [the victim] and the different statement provided by [K.C.] there was no arrest made at this time." A third police report indicated that K.C. "brought his new girlfriend" to the police department with him, provided a DNA sample, and scheduled a polygraph. The first scheduled polygraph had to be stopped prior to completion "due to possible fatigue." The rescheduled polygraph indicated "no deception" when K.C. was asked if he raped the victim. It appears that, following the polygraph, the case was forwarded to the prosecutor's office for review.

The State filed a response to Chambers' motion, arguing that the relevance of the alleged false allegation proffered by Chambers was marginal because it was made six months after the incident involving Chambers and because he admitted "he used violence upon the victim during their sexual contact." In its response brief, the State specifically referenced statements Chambers made during his interview with law enforcement:

> To be honest, I know I hit her. I know that it was assault. I knew that. I know I did assault her, personally in hitting her, which I do know that--with my history and because I was being on probation, plus having sex, and I know making out, you know, making out, obviously [inaudible] stuff and to me, and put my dick inside her it could be considered rape if she charges me with it.

The State further argued that the probative value of the alleged false accusation against K.C. was "slight compared with the substantial danger of unfair prejudice" because admission of the evidence would "essentially create a trial within trial" requiring both parties in Chambers' case to call witnesses in an effort to prove the victim was lying about K.C.

Chambers' I.R.E. 412 motion requested an "in chambers hearing pursuant to I.R.E. 412(c)(2) in order to present oral argument, evidence and/or testimony in support thereof," and the court held a hearing on the motion. At the hearing, Chambers could have called witnesses, including the victim, in support of his motion. However, Chambers did not do so. Instead, Chambers only presented argument, including that his confession was false and that, as in the case involving the victim's allegations against K.C., the victim also sent Chambers nude photographs and "suggestive text messages," which she deleted before contacting law enforcement. Counsel for Chambers concluded:

> [W]e have officers who could be called who would testify as to the nature of the allegations, the fact that in that case, like this case, she deleted these texts which, you know, is a crime. It's destruction of evidence in a criminal case.

9

We have evidence that people that would talk about the fact that that was a consensual relationship and so her allegations were false.

In short, Chambers' request was to present evidence from the officers regarding the "nature of the allegations," evidence that the victim deleted texts between her and K.C., and evidence that "people" would claim the victim had a "consensual relationship" with K.C. We hold that the evidence Chambers sought to admit at trial was properly excluded because Chambers failed to meet his burden of proving that the evidence showed the victim's allegations against K.C. were false.

Idaho Rule of Evidence 412 does not articulate a standard by which a defendant must prove falsity in order to admit evidence pursuant to the exception in I.R.E. 412(b)(1)(c). In those jurisdictions that have expressly considered the proper standard, the standard varies. The New Jersey Supreme Court has noted:

> Those jurisdictions that permit evidence of prior false criminal accusations in sexual crime cases condition the admissibility of such evidence on a preliminary judicial finding. Some jurisdictions require that the prior accusation be shown to be "demonstrably false." Others have articulated varying standards of proof for determining whether the witness made the accusation and whether it was false: clear and convincing evidence; preponderance of the evidence; or "a reasonable probability of falsity."

*State v. Guenther*, 854 A.2d 308, 322-23 (N.J. 2004) (citations omitted). *See also Morgan v. State*, 54 P.3d 332, 337 (Alaska Ct. App. 2002) (noting states have adopted standards varying from actual falsity, reasonable probability of falsity, demonstrably false and convincingly false, but all generally agree with the principle that demonstrating the allegation was arguably false or reasonably debatable is insufficient).

The court in *Guenther* ultimately adopted the preponderance standard. *Guenther*, 854 A.2d at 324. The court reasoned that a standard requiring the defendant to show by a preponderance of the evidence that the victim made a prior false accusation "strikes the right balance, placing an initial burden on the defendant to justify the use of such evidence while not setting an exceedingly high threshold for its admission." *Id.* Although the parties on appeal in this case agreed that the preponderance standard should apply to a preliminary determination of falsity under I.R.E. 412(b)(2)(C), we note that the Supreme Court recited the "demonstrably false" standard set forth in *Little v. State*, 413 N.E.2d (Ind. App. 1980). *Schwartzmiller*, 107

Idaho at 92, 685 P.2d at 833. However, the Court did not cite the standard in the context of I.R.E. 412. Rather, the Court recited that standard in evaluating a claim that the defendant was denied his Sixth Amendment right to cross-examine when the district court excluded evidence that one of the victims had previously falsely charged another person with having committed similar sex acts. *Schwartzmiller*, 107 Idaho at 92, 685 P.2d at 833. The Court rejected that claim, stating:

> The only basis for that assertion of a false charge lies in the fact that another person was charged, tried, and found not guilty. A not guilty verdict, standing by itself, can never be taken to establish that the charges brought were based on false accusations, since one may not be convicted of a crime unless a jury finds beyond a reasonable doubt the guilt of the defendant. As stated in *Little v. State*, 413 N.E.2d 639, 643 (Ind. App. 1980), "We believe that evidence of false accusations of similar sexual misconduct is admissible on the issue of the victim's credibility. The allegations, however, must be demonstrably false." *See also Hughes v. Raines*, [641 F.2d 790 (9th Cir. 1981)]. Appellant failed to demonstrate to the trial court or to this Court that the witness' previous allegations of sexual misconduct against another were false. The exclusion of that line of testimony was not error.

*Schwartzmiller*, 107 Idaho at 92, 685 P.2d at 833.

Even assuming a demonstrably false standard would apply to a determination of falsity under I.R.E. 412(b)(2)(C), that standard was not satisfied in this case. Chambers sought to admit evidence *at trial* in an effort to prove, or at least imply, the victim's allegations against K.C. were false. That is not what I.R.E. 412 allows or requires. Instead, I.R.E. 412 required Chambers to prove *at the I.R.E. 412 hearing* that the victim falsely alleged that K.C. raped her. Nothing in the police reports Chambers submitted proves demonstrable falsity, and Chambers presented no evidence at the hearing from which the district court could conclude the victim's allegations against K.C. were false. The police reports reflect a "he said-she said" between the victim and K.C., inadmissible polygraph evidence[8] obtained after an incomplete polygraph, an officer's *belief* that the victim "was reluctant to tell the truth in regards to the events that occurred," and K.C.'s neighbor's *belief* that the victim and K.C. were "in a dating relationship."[9]

---

[8]  Polygraph evidence is inadmissible to vouch for the credibility of a witness. *State v. Perry*, 139 Idaho 520, 525, 81 P.3d 1230, 1235 (2003).

[9]  Even if a "dating relationship" existed, this does not mean a rape did not occur.

11

The reports also reflect that the victim reported the rape, submitted to a sexual assault examination, and the case was forwarded to the prosecutor's office for review. Thus, it was not error to exclude the evidence. *See Hughes*, 641 F.2d at 792 (stating that the "fact that the district attorney chose not to prosecute [an attempted rape charge], in itself, could mean nothing more than that he decided he did not have sufficient evidence to obtain a conviction"); *Morgan*, 54 P.3d at 338 (noting that courts "have ruled that not even the dismissal of a criminal prosecution at preliminary hearing--*i.e.*, dismissal for lack of probable cause--is sufficient to establish the necessary foundational proof of falsity"); *Schwartzmiller*, 107 Idaho at 92, 685 P.2d at 833 (holding that a not guilty verdict does not establish that an allegation was false).

On appeal, Chambers presupposes falsity and, in addition to challenging the district court's erroneous interpretation of I.R.E. 412, also challenges the district court's I.R.E. 403 analysis. The district court's I.R.E. 403 analysis was that, even if the evidence was admissible under I.R.E. 412, the evidence was "far outweighed by considerations of confusion of the issues, unfair prejudice, in the sense that we have another possibility of another mini trial within the case, and it has the definite risk of misleading the jury as far as focusing on the charge against [Chambers]." The district court further stated it had balanced the relevance of the evidence "against the prejudice to the trial process here and the risk of confusion of issues and waste of time," and concluded the probative value was "outweighed by considerations of undue delay, confusion of the issues, and a waste of time that a trial within a trial would cause in the context of this case."

Chambers contends the district court's analysis was deficient because it conducted "no actual analysis of relevance"; "adopted the contrite" trial within a trial theory advanced by the State, "without even seriously debating the real effect of the potential evidence"; did not "fully [flesh] potential harm and confusion to the jury"; or support its findings with "specific detail." The State responds that the district court "correctly excluded the evidence upon the alternative ground that the probative value of the evidence did not outweigh the danger of unfair prejudice, as required for admission by I.R.E. 412(c)(3)." Because we have concluded the proffered I.R.E. 412 evidence was inadmissible in light of Chambers' failure to meet his burden of proving

12

falsity, any error in the district court's prejudice analysis does not affect the outcome of this case and need not be addressed.[10]

**B.    Constitutional Claim**

Chambers also raises a constitutional claim in relation to the evidence he sought to admit under I.R.E. 412. Specifically, Chambers argues that exclusion of the proffered evidence violated his constitutional rights under the Sixth and Fourteenth Amendments to the United States Constitution to confront his accuser and present a defense. The State responds that Chambers' constitutional argument is not preserved. We reject the State's preservation argument. At the hearing on Chambers' I.R.E. 412 motion, Chambers expressly argued that the alleged false allegation implicated his "constitutional right to present a defense and to confront witnesses against him." This argument was sufficient to preserve Chambers' constitutional claim. Accordingly, we will address Chambers' constitutional argument.

A defendant's Sixth Amendment right to present a defense may be limited by I.R.E. 412. *State v. Self*, 139 Idaho 718, 722, 85 P.3d 1117, 1121 (Ct. App. 2003). A defendant has no right to present irrelevant evidence; even if evidence is relevant, it may be excluded in certain cases. *State v. Peite*, 122 Idaho 809, 814, 839 P.2d 1223, 1228 (Ct. App. 1992). The State has a legitimate interest in protecting rape victims against unwarranted invasions of privacy and harassment regarding their sexual conduct. *See Lucas*, 500 U.S. at 149-50; *VanArsdall*, 475 U.S. at 679. Admission of evidence of an alleged victim's past sexual behavior is constitutionally required only in extraordinary circumstances. *Peite*, 122 Idaho at 815, 839 P.2d at 1229. Accordingly, trial judges retain wide discretion under the Confrontation Clause to impose reasonable limits on cross-examination and introduction of evidence based on concerns about--among other things--harassment, prejudice, confusion of the issues, witness safety, or interrogation that is repetitive or only marginally relevant.[11] *VanArsdall*, 475 U.S. at 679; *Self*, 139 Idaho at 722, 85 P.3d at 1121.

---

[10]    We note, however, that under I.R.E. 412, the appropriate prejudice analysis is set forth in I.R.E. 412(c)(3). *See Perry*, 150 Idaho at 218, 245 P.3d at 970.

[11]    We note that, unlike I.R.E. 412(c)(3), the constitutional analysis allows for consideration of factors beyond unfair prejudice and includes factors like those articulated in I.R.E. 403.

13

The Court has set forth a two-part inquiry to determine whether a defendant's Sixth Amendment rights were violated by a trial court's exclusion of evidence under I.R.E. 412. *Self*, 139 Idaho at 722, 85 P.3d at 1121; *Peite*, 122 Idaho at 814-15, 839 P.2d at 1228-29. First, the trial court must consider whether the proffered evidence is relevant. *Self*, 139 Idaho at 722, 85 P.3d at 1121. If it is not relevant, the defendant has no constitutional right to present it. *Id.* If the evidence is relevant, the trial court must ask whether other legitimate interests outweigh the defendant's interest in presenting the evidence. *Id.* Because trial courts have such broad discretion to determine whether prejudicial effect or other concerns outweigh the probative value of the evidence, a defendant's Sixth Amendment rights will be violated only if the trial court abused its discretion. *Id.*; *Peite*, 122 Idaho at 815, 839 P.2d at 1229.

Because Chambers failed to establish falsity under I.R.E. 412, his argument fails part one of the constitutional inquiry. If the victim's allegations against K.C. were not demonstrably false, evidence related to those allegations was not relevant to impeach the victim's credibility. Chambers' argument also fails part two of the constitutional inquiry because he has failed to demonstrate that the district court abused its discretion in determining the prejudicial effect of the evidence and that the district court's "trial within a trial" concerns outweighed the probative value of the evidence.

Chambers has failed to meet his burden of showing a constitutional violation resulting from the exclusion of evidence that was inadmissible under I.R.E. 412 and otherwise prejudicial.

## IV.

## CONCLUSION

Chambers has failed to show that the district court abused its discretion by excluding the proffered I.R.E. 412 evidence. Accordingly, we affirm Chambers' judgment of conviction for battery with intent to commit a serious felony.

Judge HUSKEY and Judge BRAILSFORD, **CONCUR**.

14